Honorable _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| DEREK TUCSON, ROBIN SNYDER, MONSIEREE DE CASTRO, and ERIK MOYA-DELGADO,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SEATTLE, ALEXANDER PATTON, TRAVIS JORDAN, DYLAN NELSON, JOHN DOES (#1-4), and JANE DOES (#1-2),<br><br>Defendants. | No. [Cause Number]<br><br>COMPLAINT<br><br>JURY TRIAL REQUESTED |

## I.  INTRODUCTION

1.1   This is a civil rights action brought under 42 U.S.C. § 1983 for violations of Plaintiff's rights under the First, Fourth, and Fourteenth Amendments.

1.2   Seattle Municipal Code (SMC) 12A.08.020 is unconstitutional on its face and as applied to Plaintiffs. This ordinance purports to criminalize any writing on any surface not owned by the writer. Even if the writer had the owner's express permission or reasonably believed the writing was lawful, police can still arrest the writer—and only later, at trial, could the writer present the owner's express permission or the writer's reasonable belief as an "affirmative defense." SMC 12A.08.020 makes no allowance whatsoever that the owner impliedly authorized the writing. Thus, the ordinance sweeps within its criminal ambit an inordinate degree of entirely innocent and constitutionally protected expressive activities,

COMPLAINT - 1

No. [Cause Number]

19487.00001 ph232301

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

affording police an astonishing degree of discretion regarding when, and against whom, to enforce it.

1.3     In this case, Defendants deployed that discretion to retaliate against criticisms written by Plaintiffs, four peaceful protesters who Defendants arrested for writing political messages in ordinary charcoal and children's sidewalk chalk in an open and traditional public forum. Defendants selectively enforced SMC 12A.08.020 against Plaintiffs' criticisms while tolerating politically neutral and pro-government chalking. Such viewpoint discrimination, too, the Constitution does not allow.

1.4     The arrests began on the evening of January 1, 2021, outside the Seattle Police Department (SPD) East Precinct when Plaintiff Derek Tucson wrote the words "peaceful protest" on a concrete wall that the Defendant City of Seattle built over the public sidewalk around the precinct building. Plaintiff Tucson wrote this political message with a piece of charcoal found on the ground near the wall. Although the writing caused no damage to the wall, and would wash off in the rain, Defendants arrested Plaintiff Tucson for the sole reason that he wrote this political message. When several bystanders – the other three Plaintiffs in this case – responded by writing similar messages in charcoal and children's sidewalk chalk, Defendants arrested them too.



COMPLAINT - 2

No. [Cause Number]

19487.00001 ph232301

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

1.5     After these retaliatory arrests, Defendants booked all four Plaintiffs into the King County Jail in violation of Covid-19-related booking policies that prohibited booking people for non-violent offenses. This occurred because, in December 2020, the Seattle Police Department and Mayor's Office targeted non-violent protesters for retaliation in the form of an exception to these health and safety related booking policies. As a result, political protesters suspected of non-violent offenses, including Plaintiffs, were booked into the Jail during a pandemic while similarly situated non-political detainees were not booked.

1.6     At stake is the basic question of whether Seattle residents can peacefully criticize their government officials in the public forum free from retaliation by those officials. Defendants' actions, practices, and policies in this case stand in stark contrast to the society of free and vibrant expression that our Constitution stands for and protects.

## II.     PARTIES

2.1     Plaintiff Derek Tucson is a resident of Seattle, Washington.

2.2     Plaintiff Robin Snyder is a resident of Seattle, Washington.

2.3     Plaintiff Monsieree de Castro is a resident of Seattle, Washington.

2.4     Plaintiff Erik Moya-Delgado is a resident of Seattle, Washington.

2.5     Defendant City of Seattle ("City") is a municipal corporation formed under the laws of the State of Washington and acting under color of state law.

2.6     At all times relevant, Defendant Alexander Patton was employed by Defendant City as a police officer with the Seattle Police Department ("SPD"). He is sued in his individual and official capacities. He acted at all relevant times under color of state law.

2.7     At all times relevant, Defendant Travis Jordan was employed by Defendant City as a police officer with SPD. He is sued in his individual and official capacities. He acted at all relevant times under color of state law.

2.8     At all times relevant, Defendant Dylan Nelson was employed by Defendant City as a police officer with SPD. He is sued in his individual and official capacities. He acted at all relevant times under color of state law.

COMPLAINT - 3

No. [Cause Number]

19487.00001 ph232301

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

2.9     At all times relevant, Defendants John Does #1 - #4 and Jane Doe #1 were employed by Defendant City as police officers with SPD. They are sued in their individual and official capacities. They acted at all relevant times under color of state law.

2.10    At all times relevant, Defendant Jane Doe #2 was a policy maker for the Defendant City of Seattle. She is sued in her individual and official capacity. She acted at all relevant times under color of state law.

### III.    JURISDICTION AND VENUE

3.1     This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

3.2     Venue is proper under 28 U.S.C. § 1391 because the events giving rise to these claims occurred in this judicial district.

### IV.    FACTS

4.1     This case concerns Defendants' seizure of all four Plaintiffs on the night of January 1 through January 2, 2021.

4.2     Sometime prior to January 1, 2021, the Defendant City erected a temporary concrete wall around SPD's East Precinct building at 1519 12th Avenue, Seattle, WA. The temporary wall, made of large concrete "eco-blocks" stacked to a height of approximately six feet and topped with a chain link fence, obstructed the public's access to the sidewalk along Pine Street and 12th Avenue. Sometime after January 1, 2021, the Defendant City removed the temporary wall.

4.3     At approximately 10:30 p.m. on January 1, 2021, four uniformed officers employed by Defendant City emerged from the East Precinct to arrest Plaintiff Derek Tucson from a group of approximately four or five people gathered on and near the public sidewalk. The basis of the arrest was Defendants' suspicion that Plaintiff Tucson wrote the words "peaceful protest" in ordinary charcoal on the temporary "eco-block" wall. Plaintiff Tucson did not consent to the arrest, and repeatedly asked why he was being arrested, but he did not resist.

4.4     Two officers physically seized Plaintiff Tucson. Public records indicate that Defendant Patton was the "arresting officer." Video of the arrest, compared with publicly

COMPLAINT - 4

No. [Cause Number]

19487.00001 ph232301

**MacDonald Hoague & Bayless**
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

available images of Defendant Patton, appears to confirm that Defendant Patton was one of the two officers who seized Plaintiff Tucson. Public records do not identify the second officer, whose name is not presently known to Plaintiffs. Video footage shows this unidentified officer, John Doe #1, to be male, white, bald, and wearing a dark blue facial covering.

4.5     The charcoal writing of "peaceful protest" was inherently temporary, could have been wiped off with little effort, would wash away in the rain, and caused no damage to the function or aesthetic value of the temporary concrete "eco-block" wall.

4.6     Members of the public who were nearby during Plaintiff Tucson's arrest, including Plaintiff Snyder, verbally protested the arrest and repeatedly demanded an explanation. Plaintiff Tucson's arrest, and each subsequent arrest of the other Plaintiff's, had the effect of angering witnesses and escalating tension and rhetoric.

4.7     After Plaintiff Tucson was taken inside the precinct building, members of the public wrote additional messages on the temporary wall in ordinary charcoal and children's sidewalk chalk.

4.8     The messages were political in nature and included the phrases "BLM" ("Black Lives Matter"), "FTP" ("Fuck the Police"), "Free DT," "Free Robin," "Free them all," "Abolish SPD," "Kill KKKops," "Killers →" (arrow pointing at the precinct), "New Year No New Names," and "Fuck SPD."

4.9     All of these political messages were written in ordinary charcoal or children's sidewalk chalk, inherently temporary, could have been wiped off with little effort, would wash away in the rain, and caused no damage to the function or aesthetic value of the temporary concrete "eco-block" wall.

4.10    Approximately four minutes after arresting Plaintiff Tucson, five uniformed officers employed by Defendant City appeared, two emerging from a marked police vehicle and three from the precinct building, to arrest Plaintiff Snyder on suspicion of having written one or more of the political messages identified above in paragraphs 4.8 and 4.9. Plaintiff Snyder did not consent to, but did not resist, the arrest.

COMPLAINT - 5

No. [Cause Number]

19487.00001 ph232301

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

4.11    Two of the officers, one from the vehicle and one from the precinct, physically seized Plaintiff Snyder. Although public records indicate that Defendant Patton was the "arresting officer" for Plaintiff Snyder, video footage of the arrest does not appear to show Defendant Patton participating in the seizure. Instead, Plaintiff Snyder appears to have been seized by Defendant Nelson, whose sworn narrative admits his participation in the arrest. The name of the second officer who seized Plaintiff Snyder is presently unknown to Plaintiffs. Video footage shows this unidentified officer, John Doe #2, to be male, white, dark haired, and wearing a lighter-blue facial covering.

4.12    Approximately twelve minutes after Plaintiff Snyder was arrested and taken inside the precinct, ten uniformed officers employed by Defendant City appeared, two emerging from a police vehicle and eight from the precinct, to arrest Plaintiff de Castro on suspicion of having written one or more of the political messages identified above in paragraphs 4.8 and 4.9. Plaintiff de Castro did not consent to, but did not resist, the arrest.

4.13    Two of the officers, one from the vehicle and one from the precinct, physically seized Plaintiff de Castro. Again, public records indicating Defendant Patton's role as the "arresting officer" appears to be inconsistent with video footage of the officers who seized Plaintiff de Castro. Rather, Defendant Nelson's sworn narrative, in which he admits to arresting Plaintiff de Castro, appears to be consistent with the video. The name of the second officer who seized Plaintiff de Castro is presently unknown to Plaintiffs. Video footage shows this unidentified officer, John Doe #3, to be male, white, light haired, and wearing a yellow facial covering.

4.14    Approximately eight minutes after Plaintiff de Castro was arrested and taken inside the precinct, approximately eleven officers employed by Defendant City appeared, three emerging from the precinct building and approximately eight from four police vehicles, to arrest Plaintiff Moya-Delgado on suspicion of writing one or more of the political messages identified above in paragraphs 4.8 and 4.9 as well as part of a song lyric ("♪ *Always some pig there to beat me*" in the style of Naked Eye's "*Always something there to remind me*") on the brick wall of the

COMPLAINT - 6

No. [Cause Number]

19487.00001 ph232301

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

precinct building in children's sidewalk chalk. The writing of the lyric, like the other political messages, was inherently temporary, could have been wiped off with little effort, would wash away in the rain, and caused no damage to the function or aesthetic value of the precinct. Plaintiff Moya-Delgado did not consent to, but did not resist, the arrest.

4.15    All three of the officers who emerged from the precinct physically seized Plaintiff Moya-Delgado. Yet again, arrest paperwork indicating Defendant Patton's role as Plaintiff Moya-Delgado's "arresting officer" appears to be inconsistent with video footage of the arrest. The identities of the three seizing officers, which are not indicated in public records, are presently unknown to Plaintiffs. Video footage shows one of the first of these three unidentified officers to likely be John Doe #1; the second, John Doe #4, to be male, white, dark-haired, with a dark gray facial covering; and the third, Jane Doe #1, to be female, a person of color, dark-haired, and wearing a black facial covering.

4.16    As a direct and proximate result of the foregoing events, each Plaintiff was seized, handcuffed, escorted inside the East Precinct, placed in cold, disorienting, and uncomfortable holding cells, and detained for substantial periods of time during which they experienced various indignities, physical pain and suffering, and loss of the freedoms of expression, movement, and association.

4.17    On March 4, 2020, the King County Executive announced that "Correctional facilities" will restrict the type of bookings they will accept. Jails will not accept people brought in for misdemeanor charges, except for misdemeanor assaults, violations of no contact or protection orders, DUIs, sex crimes or other charges which present a serious public safety concern." This policy is referred to below as "the County's Covid-19 booking policy".

4.18    On January 2, 2021, the offense for which Plaintiffs were arrested was not on the list of charges which present a "serious public safety concern" under the County's Covid-19 booking policy.

COMPLAINT - 7

No. [Cause Number]

19487.00001 ph232301

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

4.19     The County's Covid-19 booking policy was subject to exceptions, referred to as an "override," at the request of law enforcement and local government partners, including SPD and Defendant City.

4.20     Prior to Plaintiffs' arrest, at least one person employed by SPD at the rank of "assistant chief or higher" used their official position to "override" the County's Covid-19 booking policy so that it did not apply to people arrested during political protests.

4.21     Prior to Plaintiffs' arrest, at least one person employed by Defendant City in an "executive leadership" position in the Mayor's Office used their official position to "override" the County's Covid-19 booking policy so that it did not apply to people arrested during political protests.

4.22     According to independent inquiry and information, Mr. John Diaz (former director of the King County Department of Adult and Juvenile Detention) referred to the "executive leadership" official referenced in paragraph 4.21 using she/her/hers. She is sued herein as Jane Doe #2.

4.23     "Override" of the County's Covid-19 booking policy by the SPD "assistant chief or higher" and Jane Doe #2 discriminated against detainees based upon political participation and viewpoint by causing those arrested for non-violent offenses in the context of political protests to be booked into jail while those arrested for non-violent offenses in non-political contexts were not booked.

4.24     As a direct, proximate, and foreseeable result of "overriding" the County's Covid-19 booking policy by the SPD "assistant chief or higher" and by Defendant Jane Doe #2, Plaintiffs were booked into the King County Jail on January 2, 2021 based upon political participation and viewpoint.

4.25     Booking into the Jail extended the duration, and enhanced the severity, of Plaintiffs' seizures: all four Plaintiffs were involuntarily moved from the East Precinct to the King County Jail where they were searched, stripped of civilian clothing, dressed in jail garb, photographed, fingerprinted, moved from one cold and unsanitary cell to the next, and otherwise

COMPLAINT - 8

No. [Cause Number]

19487.00001 ph232301

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604   Fax 206.343.3961

subjected to various indignities, physical pain and suffering, and loss of the freedoms of expression, movement, and association.

4.26 Each Plaintiff was released from the Jail at a different time of day on January 2, 2021.

4.27 According to their sworn statements, Defendants Jordon, Nelson, and Patton each independently reviewed and relied upon the elements of Seattle Municipal Code 12A.08.020—"Property Destruction" to establish probable cause for arresting Plaintiffs.

4.28 SMC 12A.08.020 states: "A person is guilty of property destruction if he or she . . . (2) Writes, paints, or draws any inscription, figure, or mark of any type on any public or private building or other structure or any real or personal property owned by any other person."

4.29 SMC 12A.08.020 differs from a related Washington State statute, RCW 9A.48.090. Although both laws criminalize "writ[ing], paint[ing], or draw[ing] any inscription, figure or mark of any type on any public or private building or other structure or any real or personal property owned by any other person," the state statute excludes writing, painting, and drawing that occurs with the express permission of the owner. In contrast, the municipal ordinance does not require any evidence regarding the property owner's permission, which is the writer, painter, or drawer's burden to prove during prosecution as an "affirmative defense." Thus, under the plain language of the ordinance, Defendants could arrest and prosecute the famous Seattle muralist Ryan "henry" Ward under SMC 12A.08.020 for painting a mural with not only the owner's express permission, but paid commission.

4.30. SMC 12A.08.020 also permits Defendants to arrest and prosecute anyone who had a "reasonable belief" that they had the lawful right to write, paint, or draw on someone else's property. Like express permission, the issue of "reasonable belief" is relegated to an "affirmative defense." Thus, the plain language of the ordinance would allow Defendants to arrest and prosecute children for chalking a rainbow on the sidewalk in front of their home, protesters for chalking political slogans on a temporary concrete wall built over the public sidewalk, employees for using their employer's word processing software, an attorney or law clerk for

COMPLAINT - 9

No. [Cause Number]

19487.00001 ph232301

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

writing a note on a legal pad belonging to co-counsel or the court, or anyone who reasonably and innocently believes that their writing is impliedly authorized or protected by any legal right, including the First Amendment.

4.31    When they asserted probable cause to arrest Plaintiffs, Defendants Jordon, Nelson, and Patton made no mention of having reviewed or considered the affirmative defenses of express permission or reasonable belief.

4.32    By its plain language, SMC 12A.08.020 sweeps within its ambit an overwhelming degree of constitutionally protected expressions and activities.

4.33    Prosecutors did not charge Plaintiffs within the two-year statute of limitations for SMC 12A.08.020 or any related offense presumably because Plaintiffs' only true crime was criticizing the Defendants in the public forum.

4.34    The Defendant City enforced SMC 12A.08.020 against Plaintiffs selectively and because of retaliatory animus.

4.35    The Defendant City does not apply SMC 12A.08.020 to temporary chalk or charcoal writing that is supportive of the government or police. But for the content and viewpoint Plaintiffs expressed on January 1, 2021, they would not have been arrested.

4.36    The Defendant City's long-established policy is to treat the use of sidewalk chalk as non-criminal.

4.37    On March 20, 2015, the SPD's official Twitter account posted the following response to a query from a member of the public regarding legality of politically neutral messages written in chalk:

//

//

//

COMPLAINT - 10

No. [Cause Number]

19487.00001 ph232301

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

> **Straight White Fail** @PatrickHiggins · Mar 18, 2015
> Hey @SeattlePD is it illegal to advertise events via sidewalk chalk? If so, why? If not, GREAT! #infrequentlyaskedquestions #Seattle #please
>
> **Seattle Police Dept.** @SeattlePD · Mar 18, 2015
> @PatrickHiggins is the "event," by any chance, a lemonade stand?
>
> **Straight White Fail** @PatrickHiggins · Mar 18, 2015
> @SeattlePD that could be a secondary venture! But this would be for a comedy festival.
>
> **Seattle Police Dept.** @SeattlePD · Mar 18, 2015
> @PatrickHiggins gotcha. We'll double check the municipal code and get you a final answer tomorrow
>
> **Straight White Fail** @PatrickHiggins · Mar 20, 2015
> @SeattlePD any news on the sidewalk chalk?
>
> **Seattle Police Dept.** @SeattlePD
> Replying to @PatrickHiggins
> @PatrickHiggins So, we can't provide legal advice, but we can say the use of sidewalk chalk doesn't constitute graffiti.
>
> 10:12 AM · Mar 20, 2015 · Twitter Web Client

Source: https://twitter.com/SeattlePD/status/578967302231609344

COMPLAINT - 11

No. [Cause Number]

19487.00001 ph232301

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

4.38    Consistent with the announcement on Twitter, images posted to the Seattle Police Foundation Facebook page suggest that Defendant City took no enforcement action against pro-police messages such as "WE ♥ SPD" chalked in public parks on July 8 and 15, 2017:



Source: https://www.facebook.com/seattlepolicefoundation/photos/10155261025517419



Source: https://www.facebook.com/seattlepolicefoundation/photos/10155286250797419

COMPLAINT - 12

No. [Cause Number]

19487.00001 ph232301

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

4.39  Likewise, the Defendant City's police took no enforcement action against political messages such as "LIBERTY IS ESSENTIAL" and pro-police messages such as "DEFEND SPD" chalked during a "Back the Blue" rally at City Hall on July 15, 2020:





Source: https://komonews.com/news/local/supporters-rally-outside-city-hall-to-defend-spd

(red circle added to video still-frame to highlight individual chalking in front of SPD officers)

COMPLAINT - 13

No. [Cause Number]

19487.00001 ph232301

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

1        4.40    However, when members of the public chalk criticism of the government or police, the Defendant City reacts very differently, as demonstrated by the arrest and booking of Plaintiffs on January 1, 2021.

      4.41    Expressing the same discriminatory animus on March 3, 2021, SPD's Lt. John Brooks cited "SMC Property Destruction" while threatening "enforcement action" against members of the public for chalking the public sidewalk outside of SPD's West Precinct. This still frame image from an audio-video recording of Lt. Brooks' threat shows sidewalk chalk visible in foreground criticizing SPD for the murder of Black and Brown Seattle residents:



COMPLAINT - 14

No. [Cause Number]

19487.00001 ph232301

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

4.42    This municipal policy or practice of enforcing and threatening to enforce SMC 12A.08.020 against people who express criticism of government and/or police in temporary messages written in traditional public forums on surfaces like the public sidewalk, including concrete barriers built over the public sidewalk, is chilling to free expression, tends to deter, punish, retaliate, and discriminate based on viewpoint, and is blatantly unconstitutional.

4.43    The Defendant City's policy or practice of enforcing and threatening to enforce SMC 12A.08.020 to chill, deter, punish, or retaliate against individuals like Plaintiffs is ongoing. Enforcement of SMC 12A.08.020 poses an immediate and continuing threat of repeated arrest and injury to Plaintiffs and similarly situated persons.

## V.    CAUSES OF ACTION

### Count One: First Amendment Violations under 42 U.S.C. § 1983

5.1    By virtue of the foregoing, Defendants subjected each Plaintiff to selective and retaliatory arrest for engaging in protected speech, in violation of U.S. Const., amend. I, chilling and deterring each Plaintiff's protected speech. Defendants would not have arrested any Plaintiff but for their protected speech. The moving force and substantial motivating factor of each arrest was retaliation for protected speech.

5.2    By virtue of the foregoing, SMC 12A.08.020 is impermissibly vague on its face in violation of U.S. Const., amend. I, such that Plaintiffs have no notice of the conduct prohibited, chilling and deterring their protected speech.

5.3    By virtue of the foregoing, SMC 12A.08.020 is substantially overbroad on its face, in violation of U.S. Const., amend. I. On its face, SMC 12A.08.020 prohibits substantially more protected speech than necessary relative to any potentially legitimate sweep, chilling and deterring each Plaintiff's protected speech.

5.4    By virtue of the foregoing, SMC 12A.08.020 violates U.S. Const., amend. I as applied to Plaintiffs, in that Defendants' selective enforcement of the provision discriminated against Plaintiffs' viewpoint and was applied to punish and prohibit protected speech without a legitimate or compelling state interest.

COMPLAINT - 15

No. [Cause Number]

19487.00001 ph232301

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604   Fax 206.343.3961

**Count Two: Fourteenth Amendment Violations under 42 U.S.C. § 1983**

5.5     By virtue of the foregoing, SMC 12A.08.020 is impermissibly vague on its face in violation of U.S. Const., amend. XIV, such that Plaintiffs have no notice of the conduct prohibited, depriving them of liberty without due process of law.

5.6     By virtue of the foregoing, SMC 12A.08.020 facially violates U.S. Const., amend. XIV, by criminalizing entirely innocent conduct regardless of Plaintiffs' intent and regardless of whether Plaintiffs reasonably believed they were expressly or impliedly authorized to make the mark, figure, or inscription alleged.

**Count Three: Fourth Amendment Violations under 42 U.S.C. § 1983**

5.7     By virtue of the foregoing, Defendant City subjected each Plaintiff to unreasonable search and seizure, without probable cause or other justification, in violation of U.S. Const., amend. IV.

**Count Four: Monell Claim under 42 U.S.C. § 1983**

5.8     By virtue of the foregoing, the Defendant City has a pattern, practice, or policy of enforcing and threatening to enforce SMC 12A.08.020 in retaliation for protected speech, discriminating against speech on the basis of content and viewpoint, and denying Plaintiffs and similarly situated persons of liberty without due process of law. The Defendant City's policies and practices thereby violate Plaintiffs' First, Fourth, and Fourteenth Amendment rights in violation of 42 U.S.C. § 1983.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment and other relief against Defendants as follows:

6.1     All damages authorized by law, in amounts to be determined at trial;

6.2     A declaration that SMC 12A.08.020 violates the First and Fourteenth Amendments on its face;

6.3     A declaration that SMC 12A.08.020 violates the First and Fourteenth Amendments as applied;

COMPLAINT - 16

No. [Cause Number]

19487.00001 ph232301

**MacDonald Hoague & Bayless**
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

6.4	An injunction prohibiting Defendants from enforcing 12A.08.020;

6.5	Reasonable attorney fees and costs as provided by law, including under 42 U.S.C. § 1988;

6.6	A jury trial on all claims so triable; and

6.7	Pre- and post-judgment interest on any amounts recovered, to the extent authorized by law.

DATED this 4th day of January, 2023.

By: MacDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

*s/Braden Pence*
Braden Pence, WSBA #43495
Email: bradenp@mhb.com

*s/Nathaniel Flack*
Nathaniel Flack, WSBA #58582
Email: nathanielf@mhb.com

By: THE LAW OFFICE OF NEIL FOX
2125 Western Ave Ste 330
Seattle, WA 98121-3573
Tel 206.728.5440 Fax 866.422.0542

*s/Neil Fox*
Neil Fox, WSBA #15277
Email: nf@neilfoxlaw.com

Attorneys for Plaintiff

COMPLAINT - 17

No. [Cause Number]

19487.00001 ph232301