Honorable Marsha J. Pechman
Honorable Theresa L. Fricke

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEREK TUCSON, ROBIN SNYDER, MONSIEREE DE CASTRO, and ERIK MOYA-DELGADO,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF SEATTLE, ALEXANDER PATTON, TRAVIS JORDAN, DYLAN NELSON, JOHN DOES (#1-4) AND JANE DOES (#1-2)<br><br>Defendants. | No.   2:23-cv-00017 MJP TLF<br><br>DEFENDANTS' SURREPLY UNDER LOCAL CIVIL RULE 7(g) TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION |

i

Pursuant to Local Civil Rule 7(g), Defendants file this surreply requesting that the Court strike material contained in and submitted with Plaintiffs' reply brief in support of their motion for preliminary injunction.

**NEW ARGUMENT AND ISSUES IN PLAINTIFFS' REPLY**

In their April 19, 2023, reply brief, Plaintiff improperly offered numerous arguments for the first time, as well as new video evidence.

First, Plaintiffs contend in their reply that that the Property Destruction ordinance is an unconstitutional prior restraint. Reply 11:3-21. That argument does not appear in Plaintiffs' complaint, supplemental complaint, or motion for preliminary injunction.

Second, Plaintiffs' reply asserts for the first time that the erection of the eco-block wall itself violated the First Amendment. Plaintiffs argue:

> To the long and sad list City violations of the First Amendment rights of its residents we can now add its erection of a wall to block the public from accessing a sidewalk, and thereby from peacefully assembling and protesting there . . . .

Reply 13:2-13 (citations omitted).

Third, Plaintiffs claim that Defendant's enforcement policy makes the Property Destruction ordinance unconstitutionally vague. Reply 5:3-10. In their supplemental complaint, Plaintiffs allege that "Defendants' long-established policy is to treat the use of sidewalk chalk as non-criminal."[1] ¶ 4.38. While Plaintiffs previously raised other arguments about that alleged policy (such as viewpoint discrimination), the reply is the first time they have raised a vagueness argument based on the existence of the policy. Accordingly, Defendants have been denied the opportunity to respond and defend the City's lawful authority to prioritize or de-prioritize enforcement of certain categories of offenses.

---

[1] The parties disagree about what conclusions can reasonably be inferred from Plaintiffs' allegations about the content of Defendants' enforcement policy.

DEFENDANTS' SURREPLY UNDER LOCAL CIVIL RULE 7(g) TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION - 1
2:23-cv-00017 MJP TLF

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

Fourth, Plaintiffs' reply adds significant new arguments in support of their claim that the ordinance is facially overbroad and vague. Reply at 10. Plaintiffs must establish that the risk of overbreadth is "not only real, but substantial as well." *Broadrick v. Oklahoma*, 413 U.S. 601, 615 (1973). Plaintiffs did not carry this burden in their opening brief, because they identified only two examples of purported overbreadth. Plaintiffs now offer eleven more examples. Reply 10. Plaintiffs cannot justify these new arguments as being responsive to Defendants' opposition brief, because it was Plaintiffs' initial burden to establish overbreadth and vagueness.

Also for the first time in reply, Plaintiffs assert the following:

> If Defendants wanted to avoid criminalizing all of this entirely innocent conduct, they could easily add two elements: criminalizing only writing that occurred without the "implicit" permission of the owner or the otherwise "reasonable belief" in the legality of the writing.

Reply at 10. Defendants should have an opportunity to respond to that argument as well, particularly to the extent that it proposes a possible limiting construction of the City's Property Destruction ordinance.

Fifth, and finally, Plaintiffs submitted new video evidence that adds to the factual allegations in paragraph 4.43 of the Supplemental Complaint. (Dkt. 39.)

**ARGUMENT**

Defendants ask this Court to strike or disregard Plaintiffs' new arguments and evidence. Plaintiffs bore the burden to demonstrate its entitlement to relief in its motion for preliminary injunction, and Plaintiffs may not use the reply brief to add new arguments that they inadvertently omitted or chose not to include.

While a movant is permitted to respond to arguments raised in opposition briefs, a reply brief includes improper new arguments if those arguments should have been raised in the opening brief. *United States v. Puerta*, 982 F.2d 1297, 1300 n.1 (9th Cir. 1992) ("New arguments may not be

DEFENDANTS' SURREPLY UNDER LOCAL CIVIL RULE 7(g) TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION - 2
2:23-cv-00017 MJP TLF

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

introduced in a reply brief."). "Arguments not raised in opening brief are waived." *Alaska Ctr. For Env't v. U.S. Forest Serv.*, 189 F.3d 851, 858 (9th Cir. 1999). Under Local Civil Rule 7(g), district courts may exercise their discretion to strike such new arguments. *Houserman v. Comtech Telecommunications Corp.*, 509 F. Supp. 3d 1301, 1303 (W.D. Wash. 2020) (striking reply brief and newly obtained witness testimony that it relied upon); *Wood v. Household Fin.*, 341 B.R. 770, 773 (W.D. Wash. 2006) (striking argument for partial summary judgment raised for first time in reply).

Nor should this Court consider Plaintiffs' newly submitted video evidence. Courts commonly strike or ignore evidence presented for the first time in reply. *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir.1996) (district court should not consider new evidence presented in a reply without giving the non-movant an opportunity to respond). Defendants did not present new evidence (or any evidence) in their response brief, and so Plaintiffs cannot claim that the newly submitted evidence was in rebuttal. *See Atl. Specialty Ins. Co. v. Premera Blue Cross*, No. C15-1927-TSZ, 2016 WL 1615430, at *1 (W.D. Wash. Apr. 22, 2016) (striking declarations introduced in reply because they "should have been introduced in support of [party's] opening brief" while allowing new declarations which "directly contradict representations" made in other party's response brief).

Allowing Plaintiff to belatedly raise these new arguments and evidence would effectively short-circuit the motion process, using Defendants' response brief identifying deficiencies as a roadmap for the arguments that Plaintiff should have made. Such conduct "deprives the opposing party of an opportunity to respond." *See Performance Contr. v. Rapid Response Constr.*, 267 F.R.D. 422, 425 (D.D.C. 2010) (disregarding new arguments even where opposition brief referred to issue). Allowing Plaintiffs' approach would preclude any meaningful response by Defendants. Accordingly, Defendants ask this Court to strike or disregard the new material.

DEFENDANTS' SURREPLY UNDER LOCAL CIVIL RULE 7(g) TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION - 3
2:23-cv-00017 MJP TLF

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

DATED this 24th day of April, 2023.

For the CITY OF SEATTLE

ANN DAVISON
Seattle City Attorney

*s/ Kerala Cowart*
Kerala Cowart, WSBA #53649

*s/ Jessica Leiser*
Jessica Leiser, WSBA #49349

Phone: (206) 733-9001
Fax: (206) 684-8284
Email: Kerala.Cowart@seattle.gov
Email: Jessica.Leiser@seattle.gov

Assistant City Attorneys
Seattle City Attorney's Office
701 Fifth Avenue, Suite 2050

*Attorneys for Defendants City of Seattle,
Alexander Patton, Travis Jordon, and Dylan Nelson*

DEFENDANTS' SURREPLY UNDER LOCAL CIVIL RULE 7(g) TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION - 4
2:23-cv-00017 MJP TLF

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200