Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEREK TUCSON, ROBIN SNYDER, MONSIEREE DE CASTRO, and ERIK MOYA-DELGADO,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF SEATTLE, ALEXANDER PATTON, TRAVIS JORDAN, DYLAN NELSON, JOHN DOES (#1-4) AND JANE DOES (#1-2)<br><br>Defendants. | No.   2:23-cv-00017 MJP<br><br>DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS |

## I.   Introduction

Plaintiffs' Response in Opposition to Defendants' Motion to Dismiss alleges that they "do not contend the First Amendment would protect them if they defaced a courthouse," but this is exactly what Plaintiffs seek. Resp. 11 n. 3. With respect to their as-applied claims, there is no authority for Plaintiffs' conflation of sidewalks and walls. Nothing in Plaintiffs' Response rectifies the fundamental problem that the First Amendment does not extend as far as Plaintiffs allege. Defendants are entitled to dismissal of Plaintiffs' Supplemental Complaint because it fails as a matter of law.

DEFENDANTS' REPLY IN SUPPORT
OF THEIR MOTION TO DISMISS - 1
2:23-cv-00017 MJP

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

## II.     Argument & Authorities

**A. The Court should dismiss Plaintiffs' First Amendment facial challenge for lack of standing and because Plaintiffs' allegations are insufficient to state a valid claim.**

Plaintiffs continue to assert the following facial challenges as non-moot: (1) the ordinance criminalizes "writing on the property of another even where the writer has implied permission of the owner"; (2) it criminalizes "all writing on the property of another (including public property) without respect to whether the writing was protected by legal right, such as under the First Amendment"; and (3) the ordinance criminalized defacement "regardless of whether any damage or diminution in value of the property results." Plaintiffs' Resp, p. 6:11-7:8.

Plaintiffs' second facial challenge—that the ordinance prohibits writing regardless of whether it is protected by the First Amendment, *see id.* at 6:14-16—is logically indistinguishable from their claim that the ordinance is unconstitutionally overbroad, and therefore facially invalid, because it prohibits a substantial amount of protected speech. Accordingly, Defendants do not address it separately.

   1. *Plaintiffs do not have standing to assert their facial, First Amendment challenge.*

Plaintiffs' booking- and arrest-related injuries are not traceable to the aspects of the Property Destruction ordinance they are challenging. Plaintiffs object that the ordinance makes no allowance for implied permission—but Plaintiffs do not allege that they had implied permission. Plaintiffs object that the ordinance prohibits sidewalk chalking, but they do not allege that they chalked on a sidewalk. Even if the ordinance had none of these features, Plaintiffs still would have been arrested—defeating the standing requirement of traceability.

As an additional injury, Plaintiffs assert that their speech is chilled because they fear being arrested for chalking on sidewalks, but Plaintiffs' own allegations about the City's enforcement policy establish that the prospect of arrest for such conduct is remote—not actual or imminent as required

DEFENDANTS' REPLY IN SUPPORT
OF THEIR MOTION TO DISMISS - 2
2:23-cv-00017 MJP

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

for standing.

Moreover, the injunctive and declaratory relief that Plaintiffs request will not redress their asserted chilling. It still would be a crime under state law to chalk on public or private property without express permission. RCW 9A.48.090(1)(b). In their Response, Plaintiffs contend that the state law "is materially different from the challenged ordinance," but they do not explain how it is different. Resp. 10:15. State law prohibits "writ[ing], paint[ing], or draw[ing] any inscription, figure, or mark of any type on any public or private building or other structure or any real or personal property owned by any other person unless the person has obtained the express permission of the owner or operator of the property." RCW 9A.48.090(1)(b). There is no material difference with respect to Plaintiffs' conduct of intentionally chalking on another's property without the owner's explicit permission.

Plaintiffs appear to assert that this lawsuit "implicitly challenges" the state law, *see* Resp. 10, but the state is not a party.

2. *Plaintiffs do not meet the requirements of the overbreadth doctrine, and thus cannot assert the constitutional rights of third parties not before the Court.*

The ordinance is not susceptible to an overbreadth challenge because it is not directed "narrowly and specifically at conduct commonly associated with expression." *Roulette v. City of Seattle*, 97 F.3d 300, 305 (9th Cir. 1996). The Property Destruction ordinance prohibits conduct only if it damages or alters the property of another person, and it therefore does not target speech or expression.

Contrary to Plaintiffs' assertion, *Roulette* does not support their standing arguments. 97 F.3d 300 (9th Cir. 1996). Plaintiffs contention that *Roulette* supports their standing arguments on the basis

DEFENDANTS' REPLY IN SUPPORT
OF THEIR MOTION TO DISMISS - 3
2:23-cv-00017 MJP

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

"writing is speech, while sitting is usually not"[1] asks this Court to limit *Roulette* to its facts. Plaintiffs' argument ignores that *Roulette* has already been applied in other contexts. *See*, e.g. *Nordyke v. King*, 319 F.3d 1185, 1190 (9th Cir. 2003) (evaluating an ordinance prohibiting firearms on county property); *Nunez v. City of San Diego*, 114 F.3d 935, 950 (9th Cir. 1997) (discussing a curfew ordinance). Moreover, the proposition that an overbreadth challenge must fail unless the challenged statute is directed narrowly and specifically at expression does not originate with *Roulette*, but with *City of Lakewood*, which considered the "circulation of newspapers," not sitting. *City of Lakewood*, 486 U.S. at 751.

Plaintiffs' attempt to raise the rights of third parties under the overbreadth doctrine also fails because Plaintiffs have not alleged a realistic danger that the protected speech of third parties might be inhibited. For example, Plaintiffs point to children chalking rainbows on a sidewalk. But Plaintiffs do not assert that any children have been or are realistically likely to be chilled or deterred.

> 3. *Even if Plaintiffs could overcome their lack of standing, the Property Destruction ordinance survives the three-part test under* Clark v. Community for Creative Non-Violence, 468 U.S. 288, 293-94 (1983).

The Property Destruction ordinance is plainly content and viewpoint neutral. Its text prohibits damage and alteration of another's property without reference to the conduct's motivation or viewpoint. In addition, the City's interests in proscribing even temporary visual blight are significant. Finally, the ordinance is narrowly tailored because it eliminates no more expressive conduct than is necessary. A property owner may choose to commission a work of art or display a political message on the side of their building, and those forms of expression are not affected by the ordinance.

Plaintiffs object that "the government" should not be allowed to "find[] a manner of expression aesthetically unpleasant" and then "prohibit it." Resp. 12. But that is precisely what the Supreme Court

---

[1] Resp. 8.

DEFENDANTS' REPLY IN SUPPORT
OF THEIR MOTION TO DISMISS - 4
2:23-cv-00017 MJP

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

allows in its time-place-manner test. So long as the other prongs of the test are met, the government may impose reasonable manner restrictions to promote aesthetic interests. *Members of City County of City of Los Angeles v. Taxpayers for Vincent*, 466 U.S. 789 (1984). Plaintiffs incorrectly claim that *Taxpayers for Vincent* is no longer good law. Courts continue to rely on that case for the proposition that government aesthetic interests are significant. *See, e.g.*, *Porter v. Martinez*, No. 21-55149, 2023 WL 3580828, at *13–14 (9th Cir. May 22, 2023); *Lone Star Sec. & Video, Inc. v. City of Los Angeles*, 827 F.3d 1192, 1198 n.3, 1200-01 (9th Cir. 2016).

Plaintiffs' reliance on *Hopper v. City of Pasco*, 241 F.3d 1067 (9th Cir. 2001), to support its facial attack on the Property Destruction ordinance is unpersuasive. Resp. 13. There, the court determined that the City of Pasco imposed a standardless, content-based restriction on the plaintiffs' artistic expression. *Id.* at 1078-80. Here there is no dispute that the ordinance is neutral on its face.

**B. Plaintiffs' as-applied First Amendment claims lack merit.**

Plaintiffs' as-applied First Amendment claims assert two different theories: selective enforcement and retaliatory arrest. Neither is persuasive.

*1. Plaintiffs' Supplemental Complaint does not establish viewpoint discrimination.*

Plaintiffs' as-applied First Amendment claim hinges on the allegation of viewpoint discrimination. To establish unconstitutional selective enforcement, "a plaintiff must show that a municipality's content-discriminatory enforcement of an ordinance is the result of an intentional policy or practice." *Hoye v. City of Oakland*, 653 F.3d 835, 855 (9th Cir. 2011) (citations omitted). SMC 12A.08.020 is content-neutral. Plaintiffs' factual allegations and declarations support the conclusion that Defendants do not enforce the ordinance against individuals who use chalk on city sidewalks. Supp. Compl. ¶¶ 4.38-4.41, Dkt. 18, ¶ 4, Dkt. 19, ¶ 3, Dkt. 21, ¶ 4.

In an attempt to circumvent the effects of their pleading, Plaintiffs assert that "Plaintiffs allege

DEFENDANTS' REPLY IN SUPPORT
OF THEIR MOTION TO DISMISS - 5
2:23-cv-00017 MJP

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

with specificity that Defendants enforce SMC 12[A].08.020 against chalking on sidewalks where the message is critical of police." Resp. 15 (citing ¶ 4.43). This is a mischaracterization of Plaintiffs' Supplemental Complaint, which states that a single officer "threatened" enforcement. Inherent in this statement is that no enforcement occurred.

2. *Plaintiffs do not establish retaliatory arrest.*

To state a First Amendment retaliatory arrest claim, among other elements, a Plaintiff must allege (1) either a lack of probable cause or an exception to that pleading requirement, and (2) retaliatory animus. *Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019). As explained in Defendants' motion, the arresting officers had probable cause based on Plaintiffs' allegations that they intentionally wrote on the East Precinct wall. Supp. Compl. ¶¶ 1.4, 4.28. Plaintiffs do not assert or argue that they had permission to do so.

Therefore, under *Nieves,* Plaintiffs must plausibly allege "that [they were] arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech had not been." 139 S. Ct. at 1727. As described above in the section addressing selective enforcement, Plaintiffs do not meet this requirement. The second requirement of *Nieves* also is not met, because the Supplemental Complaint lacks any non-conclusory, factual allegations to suggest the individual officers who arrested plaintiffs were, in fact, motivated by the viewpoint of Plaintiffs' speech.

Plaintiffs unsuccessfully invoke *MacKinney v. Nielsen*, 69 F.3d 1002 (9th Cir. 1995), *Ballentine v. Tucker*, 28 F.4th 54 (9th Cir. 2022), and *Bledsoe v. Ferry Cnty.*, 499 F. Supp. 3d 856 (E.D. Wash. 2020). *MacKinney*, 69 F.3d at 1006, and *Bledsoe*, 499 F. Supp. 3d at 878,[2] are distinguishable because there was no probable cause. The First Amendment holding in *MacKinney* was related to an oral

---

[2] The lack of probable cause and inadvertent mischarging of Ms. Bledsoe under the wrong statutory provision is explained in the Ms. Bledsoe's memorandum, *Bledsoe v. Ferry Cnty.*, 2020 WL 8767764 (E.D. Wash.).

DEFENDANTS' REPLY IN SUPPORT
OF THEIR MOTION TO DISMISS - 6
2:23-cv-00017 MJP

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

conversation—not chalking on the sidewalk. 69 F.3d at 1006-07. The First Amendment holdings in *Bledsoe* and *Ballentine* rely on evidence of retaliatory animus and differential treatment—unlike the conclusory allegations in Plaintiffs' Supplemental Complaint. *Ballentine*, 28 F.4th at 63; *Bledsoe*, 499 F. Supp. 3d at 876.

### C. There is no Due Process violation.

"Plaintiffs allege that it is unclear whether the terms of the property destruction ordinance apply to them because their writing was inherently temporary and caused no damage." Resp. 22. The text of the ordinance provision with which Plaintiffs were charged does not require permanence or damage.

### D. There was no Fourth Amendment violation, and, in any event, those clams are precluded by qualified immunity.

Plaintiffs' Supplemental Complaint establishes that the arresting officers had probable cause. Plaintiffs assert that probable cause was lacking because Plaintiffs "neither damaged nor destroyed any property." Resp. 23. SMC 12A.08.020(A)(2) does not require damage or destruction. The language in *MacKinney* that Plaintiffs rely on, Resp. at 23 ("[n]o reasonable person could think that writing with chalk would damage a sidewalk." *Id.* at 1005,") is based on explicit language in the California penal code which made it illegal to "damage …or [] destroy any real or personal property." 69 F.3d at 1005. There is no such language in section A(2) of the City's property destruction ordinance.

Plaintiffs argue that there was no probable cause because the City tweeted once in 2015 that "sidewalk chalk doesn't constitute graffiti." Resp. 24. As explained in Defendants' motion, it can be inferred from the Supplemental Complaint that Defendants treat *chalking on the sidewalk* as permissible under SMC 12A.08.020(A)(2). Defendants' Motion to Dismiss, p. 15-16 & 16 n.6. But the Supplemental Complaint does not give rise to a reasonable inference that Defendants treat the use

DEFENDANTS' REPLY IN SUPPORT
OF THEIR MOTION TO DISMISS - 7
2:23-cv-00017 MJP

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

of sidewalk chalk *on all surfaces* to be permissible.

### E. Plaintiffs' arguments regarding *Monell* fail.

A municipal liability claim under *Monell* cannot succeed if there is no underlying constitutional violation. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (per curiam); *Scott v. Henrich*, 39 F.3d 912, 916 (9th Cir. 1994).

Plaintiffs claim in their Response, with respect to their retaliatory arrest claims, that the policy-making officials who "subject[ed] Plaintiffs to extended booking following their arrest for protected speech . . . ratified the First Amendment violations" of the individual defendants. Resp. 25. It is not plausible that the arresting officers contacted officials within SPD Command Staff or the Mayor's Office after the arrests but before the King County jail accepted Plaintiffs for booking, in order to discuss the personal treatment of Plaintiffs. In any event, the Supplemental Complaint contains no such allegations.

### III.   Conclusion

For the foregoing reasons, Defendants ask the Court to dismiss Plaintiffs' Supplemental Complaint with prejudice.

DEFENDANTS' REPLY IN SUPPORT
OF THEIR MOTION TO DISMISS - 8
2:23-cv-00017 MJP

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

I certify that this memorandum contains 2,098 words, in compliance with the Local Civil Rules.

DATED this 26th day of May, 2023.

                ANN DAVISON
                Seattle City Attorney

            By:  */s/Kerala Cowart*
                 Kerala Cowart, WSBA# 53649
                 Jessica Leiser, WSBA# 49349
                 Assistant City Attorneys

                 E-mail: kerala.cowart@seattle.gov
                 E-mail: jessica.leiser@seattle.gov

                Seattle City Attorney's Office
                701 Fifth Avenue, Suite 2050
                Seattle, WA 98104
                Phone: (206) 684-8200

                *Attorneys for Defendants City of Seattle, Alexander Patton, Travis Jordon, Dylan Nelson*

DEFENDANTS' REPLY IN SUPPORT
OF THEIR MOTION TO DISMISS - 9
2:23-cv-00017 MJP

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200