UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEREK TUCSON, ROBIN SNYDER, MONSIEREE DE CASTRO, and ERIK MOYA-DELGADO,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SEATTLE, ALEXANDER PATTON, TRAVIS JORDAN, DYLAN NELSON, JOHN DOES (#1-4), and JANE DOES (#1-2),<br><br>Defendants. | CASE NO. C23-17 MJP<br><br>ORDER DENYING MOTION TO DISMISS |

This matter comes before the Court on Defendants' Motion to Dismiss. (Dkt. No. 42.) Having reviewed the Motion, Plaintiffs' Response (Dkt. No. 46), the Reply (Dkt. No. 47), and all supporting materials, the Court DENIES the Motion.

**BACKGROUND**

On January 1, 2021, Plaintiffs wrote political messages, some of which were critical of the Seattle Police Department (SPD), in sidewalk chalk and charcoal on "eco-block" walls that

were temporarily erected by the City outside of the SPD's East Precinct. (Supplemental Complaint ¶¶ 2.1-2.4, 4.1-4.2 (Dkt. No. 36).) Plaintiff Derek Tucson wrote the words "peaceful protest" in charcoal, while the precise messages the other Plaintiffs wrote are not clearly identified. (See Supp. Compl. ¶¶ 4.8-4.15.) SPD officers arrested all four Plaintiffs for violating Seattle Municipal Code 12A.08.020 (the "Ordinance"). (Id. ¶¶ 4.3-4.4, 4.10-4.4.14, 4.27-4.28.) Plaintiffs allege that the Ordinance was selectively enforced against them because of the views they expressed and that they are currently chilled in their use of chalk to express their views on public sidewalks and barriers built over the public sidewalk. (Id. ¶¶ 4.44-4.45, 5.3.)

At the time of the arrests, the Ordinance stated:

A. A person is guilty of property destruction if he or she:

    1. Intentionally damages the property of another; or

    2. Writes, paints, or draws any inscription, figure, or mark of any type on any public or private building or other structure or any real or personal property owned by any other person.

B.

    1. It is an affirmative defense to property destruction under subsection 12A.08.020.A.1 that the actor reasonably believed that he had a lawful right to damage such property.

    2. It is an affirmative defense to property destruction under subsection 12A.08.020.A.2 that the actor had obtained express permission of the owner or operator of the building, structure, or property.

C. Property destruction is a gross misdemeanor.

SMC 12A.08.020 (2021). "Property destruction" under SMC 12A.08.020 is punishable by imprisonment of up to 364 days and a fine of up to five thousand dollars. SMC 12A.08.020(C); 12A.02.070(A).

After Plaintiffs filed suit, the City amended the Ordinance to take effect on May 13, 2023, which now reads:

| | | |
|---|---|---|
| 1 | A. | A person is guilty of property destruction if the person intentionally: |
| 2 | | 1. Damages the property of another; or |
| 3 | | 2. Writes, paints, or draws any inscription, figure, or mark of any type on any public or private building or other structure or any real or personal property owned by any other person unless the person has obtained the express permission of the owner or operator of the property. |
| 4 | | |
| 5 | B. | |
| 6 | | 1. It is an affirmative defense to property destruction under subsection 12A.08.020.A.1 that the actor reasonably believed that he had a lawful right to damage such property. |
| 7 | | |
| 8 | C. | Property destruction is a gross misdemeanor. |

(Declaration of Nathaniel Flack Decl. Ex. 6.)

Plaintiffs pursue four claims: (1) First Amendment violations under 42 U.S.C. § 1983; (2) Fourteenth Amendment violations under 42 U.S.C. § 1983; (3) Fourth Amendment violations under 42 U.S.C. § 1983; and (4) Monell claims against the City.

As to their First Amendment claims, Plaintiffs allege that Defendants selectively enforced the Ordinance and retaliated against them because of their political views in violation of the First Amendment. (Suppl. Compl. ¶¶ 5.1, 5.4.) They allege that their arrests have chilled their right to engage in further political speech. (Id.) They also argue that the Ordinance (both pre- and post-amendment) is facially unconstitutional because it is impermissibly vague and substantially overbroad. (Id. ¶¶ 5.2-5.3, 5.5.) As to their Fourteenth Amendment claims, Plaintiffs allege that the Ordinance is facially unconstitutional because it is impermissibly vague and criminalizes innocent conduct without due process. (Id. ¶¶ 5.6-5.8.) As to their Fourth Amendment claims, each Plaintiff asserts that their arrest was an unreasonable search and seizure without probable cause or justification. (Id. ¶ 5.9.) In their Response brief, Plaintiffs suggest that their Fourth

1  Amendment claims is an alternative claim "to the extent the City has offered constructions of the
2  ordinance that attempt to limits its vagueness and overbreadth." (Resp. Br. at 23 (Dkt. No. 46).)
3        As to their Monell claim, Plaintiffs allege that "the Defendant City has a pattern, practice,
4  or policy of enforcing and threatening to enforce SMC 12A.08.020 in retaliation for protected
5  speech, discriminating against speech on the basis of content and viewpoint, and denying
6  Plaintiffs and similarly situated persons of liberty without due process of law." (Supp. Compl. ¶
7  5.10.) Plaintiffs allege that the "City's long-established policy is to treat the use of sidewalk
8  chalk as non-criminal" and that the "City does not apply SMC 12A.08.020 to temporary chalk or
9  charcoal writing that is supportive of the government or police." (Id. ¶¶ 4.37-4.38; see also id. ¶¶
10  4.39-4.41.) But Plaintiffs allege there is a "municipal policy or practice of enforcing and
11  threatening to enforce SMC 12A.08.020 against people who express criticism of government
12  and/or police in temporary messages written in traditional public forums on surfaces like the
13  public sidewalk, including concrete barriers built over the public sidewalk[.]" (Id. ¶ 4.4.) The
14  evidence of this policy or practice includes Plaintiffs' arrests and statements made by SPD's Lt.
15  John Brooks' threats to enforce the Ordinance against members of the public for chalking
16  criticism of SPD outside of the West Precinct in March 2021. (Id. ¶¶ 4.42-4.43.) In addition,
17  Plaintiffs allege that "one person employed by SPD at the rank of 'assistant chief or higher'" and
18  "at least one person employed by Defendant City in an 'executive leadership' position in the
19  Mayor's Office used their official position to 'override' the County's Covid-19 booking policy
20  so that it did not apply to people arrested during political protests." (Id. ¶¶ 4.21-4.22.) Plaintiffs
21  allege that the "override" enabled Defendants to book Plaintiffs in King County Jail "based upon
22  political participation and viewpoint" and that this "extended the duration, and enhanced the
23  severity, of Plaintiffs' seizures." (Id. ¶¶ 4.24-4.25.)
24

## ANALYSIS

### A.    Legal Standards

Defendants move to dismiss under both Rule 12(b)(1) and Rule 12(b)(6). The Court reviews the applicable standards.

Defendants' Rule 12(b)(1) motion challenges the Court's subject matter jurisdiction on the theory that Plaintiffs lack standing to pursue their First and Fourteenth Amendment challenges to the Ordinance. (Mot. at 4-5.) "A Rule 12(b)(1) jurisdictional attack may be facial or factual." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." Id. And "[b]y contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Id.

Although Defendants do not label their challenge, the Court construes it as a facial challenge because Defendants do not dispute the truth of the allegations that would invoke federal jurisdiction and submit no contradictory evidence from outside of the Supplemental Complaint. The only materials Defendants cite to outside of the Supplemental Complaint are declarations from Plaintiffs filed in support of the Motion for Preliminary Injunction. This does not convert Defendant's attack into a factual one, because the declarations do not contain materials contradictory to the allegations in the Supplemental Complaint—they merely buttress them. As such, the Court accepts the allegations in the Supplemental Complaint as true and draw all reasonable inferences in Plaintiffs' favor. See Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004). But Plaintiffs bear the burden of alleging facts that are sufficient to invoke the Court's jurisdiction. See Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir. 2014).

1    Under Fed. R. Civ. P. 12(b)(6), the Court may dismiss a complaint for "failure to state a
2    claim upon which relief can be granted." In ruling on a motion to dismiss, the Court must
3    construe the complaint in the light most favorable to the non-moving party and accept all
4    well-pleaded allegations of material fact as true. Livid Holdings Ltd. v. Salomon Smith Barney,
5    Inc., 416 F.3d 940, 946 (9th Cir. 2005); Wyler Summit P'ship v. Turner Broad. Sys., 135 F.3d
6    658, 661 (9th Cir. 1998). Dismissal is appropriate only where a complaint fails to allege "enough
7    facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S.
8    544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that
9    allows the court to draw the reasonable inference that the defendant is liable for the misconduct
10   alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

**B.    Plaintiffs have Standing**

In its Order Granting Plaintiffs' Motion for Preliminary Injunction, the Court determined that Plaintiffs have standing to pursue their facial and as-applied attacks to the Ordinance under both the First and Fourteenth Amendment. (See Preliminary Injunction Order (Dkt. No. 50) as clarified (Dkt. No. 53).) Defendants' Motion to Dismiss raises no new arguments that might alter the Court's standing analysis. Plaintiffs have standing to pursue these claims for the same reasons discussed in the Preliminary Injunction Order (as clarified) to which the Court refers the reader and adopts in deciding this Motion. The Court finds that standing has sufficiently been shown on the face of the Supplemental Complaint. The Court recognizes that some of its analysis in the Preliminary Injunction Order also considered Plaintiffs' declarations. The declarations merely build on allegations in the Supplemental Complaint and the Court's conclusion in this Order as to standing does not rely on the assertions in the declarations. The Court DENIES the Motion to Dismiss as to standing.

C.  **Fourth Amendment Claim**

Defendants argue that "Plaintiffs' conclusionary allegation [that they were subject to an unreasonable search and seizure, without probable cause] is insufficient." (Mot. at 24 (citing Iqbal, 556 at 678).) Defendants provide no argument to support this assertion, suggesting instead in a footnote that they may be entitled to qualified immunity. (Id. n.10.) With scant analysis, Defendants argue that "'the constitutionality of a law is generally irrelevant to whether probable cause existed to believe that Plaintiff violated the law.'" (Mot. at 24 (quoting Frey v. Town of Jackson, Wy., 41 F.4th 1223, 1243 (10th Cir. 2022); and citing Grossman v. City of Portland, 33 F.3d 1200, 1209 (9th Cir. 1994)).) Defendants contend that an officer would reasonably believe the Ordinance was constitutional given its twenty-five-year existence and Plaintiffs' admission that they violated its ban on drawing. (Id. at 25.) Plaintiffs, for their part, offer a confused response. Plaintiffs state: "In the alternative, Plaintiffs allege Fourth Amendment claims to the extent the City has offered constructions of the ordinance that attempt to limits its vagueness and overbreadth." (Resp. at 23.) This suggests that Plaintiffs' Fourth Amendment claim is pleaded only in the alternative to their First and Fourteenth Amendment claims. Plaintiffs then argue that they have sufficiently alleged that Defendants arrested them without probable cause because they could not have been presumed to have caused property damage by using chalk or charcoal. Plaintiffs do not respond to Defendants' qualified immunity argument. And they offer no explanation as to why an objectively reasonable officer would believe that it was unconstitutional to arrest Plaintiffs for violating the Ordinance's ban on writing or drawing.

The Court declines to dismiss the Fourth Amendment. Defendants have not articulated a fully-formed or reasoned basis for the Court to dismiss the claim. The suggestion in a footnote that qualified immunity bars this claim is insufficient for the Court to consider the issue in

earnest. And given Plaintiffs' response, it appears that this may be a non-issue if the claim is an unnecessary, alternatively-pleaded cause of action. The Court therefore DENIES the Motion as to this claim without rendering any decision on qualified immunity. The Court ORDERS Plaintiffs to notify the Court with seven days of entry of this Order whether they will dismiss their Fourth Amendment claim in light of this Order.

D.  **Monell Claim**

Defendants argue that Plaintiffs' Monell claims cannot proceed without an underlying constitutional violation. (Mot. at 25 (citing City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986) (per curiam)).) This argument fails, given the Court's conclusion that the constitutional claims may proceed. Defendants also argue that Plaintiffs fail to allege sufficient facts to suggest that the City could be liable for retaliatory arrest or booking Plaintiffs in jail. The Court finds the allegations sufficient to allow the claim, as explained below.

Under Monell, a municipality cannot be held liable under a respondeat superior theory for the unconstitutional acts of its employees. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978) (A local government may be sued "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may be fairly said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.") There are three ways to prove Monell's policy or custom requirement. First, "the plaintiff may prove that a city employee committed the alleged constitutional violation pursuant to a formal government policy or a longstanding practice or custom which constitutes the 'standard operating procedure' of the local government entity." Hopper v. City of Pasco, 241 F.3d 1067, 1083 (9th Cir. 2001) (citation and quotation omitted). "Second, the plaintiff may establish that the individual who committed the constitutional tort was an official with final policy-making

authority and that the challenged action itself thus constituted an act of official government policy." Id. (citation and quotation omitted). "Third, the plaintiff may prove that an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it." Id. (citation omitted).

Plaintiffs argue that they have pleaded sufficient allegations to support all three theories of Monell the liability. The Court reviews all three theories and agrees in part.

Plaintiffs argue that there is a longstanding policy or custom to arrest only those who use sidewalk chalk when used for protest, while allowing virtually all other sidewalk chalking activity. (Resp. at 25 (citing Supp. Compl. ¶¶ 4.37-4.43).) While Plaintiffs have provided cogent allegations that City's longstanding custom permits sidewalk chalking notwithstanding the Ordinance's prohibition, they have not offered plausible allegations that there is a longstanding policy or custom to arrest those who chalk political messages. They identify only their own arrests and one other threat of enforcement of the Ordinance against sidewalk chalking political messages in March 2021. (See Suppl. Compl. ¶¶ 4.42-4.43.) This is not evidence of a longstanding policy and it is inadequate to support the Monell claim.

Plaintiffs also argue that they have sufficiently alleged an executive in the Mayor's Office or SPD made the decision to subject them to booking in King County Jail in retaliation for their protest activity. (Resp. at 25 (citing Supp. Compl. ¶¶ 4.21-4.25).) Defendants suggest that it "is not plausible that the arresting officers contacted officials within SPD Command Staff or the Mayor's Office after the arrests but before the King County jail accepted Plaintiffs for booking, in order to discuss the personal treatment of Plaintiffs." (Reply at 8.) While it may be unlikely that Plaintiffs' allegations are true, the Court does not find them to be implausible. The

ORDER DENYING MOTION TO DISMISS - 9

allegations must be tested through discovery and they support Plaintiffs' Monell claim. The Court DENIES the Motion as to the Monell claim.

Plaintiffs also argue that they have adequately pleaded facts suggesting that City officials ratified the First Amendment violations alleged in the Supplemental Complaint. Defendants offer no response to this argument. The Court finds the allegations, while thin, sufficient to show that the City ratified the arrests by virtue of the alleged booking-related "override." This is an additional basis on which the Court DENIES the Motion.

## CONCLUSION

The Court remains unpersuaded that Plaintiffs lack standing to pursue any of the claims that are contained in the Supplemental Complaint. The Court declines to dismiss the Fourth Amendment claim, given the inadequacy of the briefing on qualified immunity and Plaintiffs' potential dismissal of the claim. And the Court finds the allegations, while thin, sufficient to state a claim for municipal liability under Monell. For these reasons, the Court DENIES the Motion to Dismiss.

The clerk is ordered to provide copies of this order to all counsel.

Dated June 23, 2023.

Marsha J. Pechman
United States Senior District Judge