Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DEREK TUCSON, ROBIN SNYDER, MONSIEREE DE CASTRO, and ERIK MOYA-DELGADO,

Plaintiffs,

vs.

CITY OF SEATTLE, ALEXANDER PATTON, TRAVIS JORDAN, DYLAN NELSON, JOHN DOES (#1-4) AND JANE DOES (#1-2)

Defendants.

No.     2:23-cv-00017 MJP

**ANSWER**

**JURY DEMAND**

Defendants, the City of Seattle, Alexander Patton, Travis Jordan, and Dylan Nelson (together, the Defendants), answer Plaintiffs' Supplemental Complaint as follows:

I.     INTRODUCTION

1.1     Defendants admit the allegations in paragraph 1.1 of Plaintiffs' Supplemental Complaint.

1.2     Answering paragraph 1.2 of Plaintiffs' Supplemental Complain, Defendants admit that Seattle Municipal Code (SMC) 12A.08.020 was amended in response to the above-captioned lawsuit. Defendants further answer that the language of SMC 12A.08.020 speaks for itself, and to the extent

ANSWER - 1
2:23-cv-00017 TLF

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

that paragraph 1.2 contains allegations purporting to interpret SMC 12A.08.020, they are denied. Defendants further answer that they are without sufficient knowledge or information to admit or deny the allegations in paragraph 1.2 of Plaintiffs' Supplemental Complaint regarding their fear of being arrested and jailed for using sidewalk chalk to write political messages, and, therefore, deny the same. The remaining allegations in paragraph 1.2 of Plaintiffs' Supplemental Complaint are legal conclusions to which no response is required; and, to the extent any response is required they are denied.

1.3     Defendants deny the allegations in paragraph 1.3 of Plaintiffs' Supplemental Complaint.

1.4     Answering paragraph 1.4 of Plaintiffs' Supplemental Complaint, Defendants admit that Plaintiff Derek Tucson was arrested for violating SMC 12A.08.020 after he was observed by Seattle Police Officers writing on a concrete wall that was erected by the City of Seattle around the East Precinct building of the Seattle Police Department (SPD). Defendants further admit that the other Plaintiffs were arrested for violations of SMC 12A.08.020. Defendants deny the remaining allegations in paragraph 1.4 of Plaintiffs' Supplemental Complaint.

1.5     Defendants deny the allegations in paragraph 1.5 of Plaintiffs' Supplemental Complaint.

1.6     Defendants deny the allegations in paragraph 1.6 of Plaintiffs' Supplemental Complaint.

## II.    PARTIES

2.1     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 2.1 of Plaintiffs' Supplemental Complaint, and, therefore, deny the same.

2.2     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 2.2 of Plaintiffs' Supplemental Complaint, and, therefore, deny the same.

2.3     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 2.3 of Plaintiffs' Supplemental Complaint, and, therefore, deny the same.

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

2.4     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 2.4 of Plaintiffs' Supplemental Complaint, and, therefore, deny the same.

2.5     Answering paragraph 2.5 of Plaintiffs' Supplemental Complaint, Defendants admit the City of Seattle is a municipal corporation and political subdivision of the State of Washington. Defendants deny the remaining allegations of paragraph 2.5 of Plaintiffs' Supplemental Complaint.

2.6     Answering paragraph 2.6 of Plaintiffs' Supplemental Complaint, Defendants admit Alexander Patton was employed by SPD. The remaining allegations in paragraph 2.6 of Plaintiffs' Supplemental Complaint are legal conclusions to which no response is required; and, to the extent any response is required, they are denied.

2.7     Answering paragraph 2.7 of Plaintiffs' Supplemental Complaint, Defendants admit Travis Jordon was employed by SPD. The remaining allegations in paragraph 2.7 of Plaintiffs' Supplemental Complaint are legal conclusions to which no response is required; and, to the extent any response is required, they are denied.

2.8     Answering paragraph 2.8 of Plaintiffs' Supplemental Complaint, Defendants admit Dylan Nelson was employed by SPD. The remaining allegations in paragraph 2.8 of Plaintiffs' Supplemental Complaint are legal conclusions to which no response is required; and, to the extent any response is required, they are denied.

2.9     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 2.9 of Plaintiffs' Supplemental Complaint; and, therefore, deny the same.

2.10    Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 2.10 of Plaintiffs' Supplemental Complaint; and, therefore, deny the same.

### III.     JURISDICTION AND VENUE

ANSWER - 3
2:23-cv-00017 TLF

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

3.1     Defendants admit the allegations of paragraph 3.1 of Plaintiffs' Supplemental Complaint.

3.2     Defendant admits the allegations of paragraph 3.2 of Plaintiffs' Supplemental Complaint.

IV.     FACTS

4.1     Defendants admit the allegation in paragraph 4.1 of Plaintiffs' Supplemental Complaint.

4.2     Defendants admit the allegations in paragraph 4.2 of Plaintiffs' Supplemental Complaint.

4.3     Answering paragraph 4.3 of Plaintiffs' Supplemental Complaint, Defendants admit that Plaintiff Derek Tucson was arrested for violating SMC 12A.08.020 by writing on the "eco-block" wall, that Mr. Tucson did not resist, and that he asked why he was being arrested. Defendants deny that the content of the writing was part of the basis for the arrest and deny that the messages were apparent to or legible by the officers at the time of the arrests. Defendants admit the remaining allegations in paragraph 4.3 of Plaintiffs' Supplemental Complaint.

4.4     Answering paragraph 4.4 of Plaintiffs' Supplemental Complaint, Defendants admit that Plaintiff Derek Tucson was arrested by Defendant Patton. As to the remaining allegations in paragraphs 4.4 of Plaintiffs' Supplemental Complaint, Defendants answer that the contents of public records and referenced video footage speak for themselves. To the extent any answer is required in response to Plaintiffs' description of "publicly available images," Plaintiffs are without sufficient knowledge or information to admit or deny the contents thereof; and, therefore, deny the same.

4.5     Defendants deny the allegations in paragraph 4.5 of Plaintiffs' Supplemental Complaint.

4.6     Defendants admit that people who were standing nearby were heatedly yelling at the arresting officers and demanding explanation. Defendants deny the remaining allegations in paragraph 4.6 of Plaintiffs' Supplemental Complaint.

ANSWER - 4
2:23-cv-00017 TLF

Ann Davison
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

4.7     Defendants admit the allegations in paragraph 4.7 of Plaintiffs' Supplemental Complaint.

4.8     Answering paragraph 4.8 of Plaintiffs' Supplemental Complaint, Defendants deny that the messages were apparent to or legible by the officers at the time of the arrests. Defendants admit that the messages referred to in paragraph 4.8 were written on the eco-block wall at some time that night, whether before, between, or after the arrests.

4.9     Defendants admit that messages were written in charcoal or chalk and deny the remaining allegations in paragraph 4.9 of Plaintiffs' Supplemental Complaint.

4.10    Answering paragraph 4.10 of Plaintiffs' Supplemental Complaint, Defendants deny that the content of the writing was part of the basis for Plaintiff Robin Snyder's arrest and deny that the messages were apparent to or legible by the officers at the time of the arrests. Defendants admit the remaining allegations of paragraph 4.10.

4.11    Answering paragraph 4.11 of Plaintiffs' Supplemental Complaint, Defendants admit that Plaintiff Robin Snyder was arrested by Defendant Nelson, that Defendant Patton was the arresting officer, and that Defendant Patton did not physically participate in the arrest. As to the remaining allegations in paragraphs 4.11 of Plaintiffs' Supplemental Complaint, Defendants answer that the contents of any video footage speak for themselves..

4.12    Answering paragraph 4.12 of Plaintiffs' Supplemental Complaint, Defendants deny that the content of the writing was part of the basis for Plaintiff Monsieree DeCastro's arrest and deny that the messages were apparent to or legible by the officers at the time of the arrests. Defendants admit the remaining allegations of paragraph 4.12.

4.13    Answering paragraph 4.13 of Plaintiffs' Supplemental Complaint, Defendants admit that Plaintiff Monsieree DeCastro was arrested by Defendant Nelson, that Defendant Patton was the arresting officer, and that Defendant Patton did not physically participate in the arrest. As

ANSWER - 5
2:23-cv-00017 TLF

to the remaining allegations in paragraphs 4.13 of Plaintiffs' Supplemental Complaint, Defendants answer that the contents of any video footage speak for themselves.

4.14   Answering the first sentence of paragraph 4.14 of Plaintiffs' Supplemental Complaint, Defendants deny that the contents of the writing was part of the basis for the arrest and deny that that the messages were apparent to or legible by the officers at the time of the arrests; Defendants admit the remaining allegations of the first sentence of paragraph 4.14. Defendants deny the allegations in the second sentence of paragraph 4.14. Defendants admit the allegations in the third sentence of paragraph 4.14.

4.15   Answering paragraph 4.15 of Plaintiffs' Supplemental Complaint, Defendants admit that Plaintiff Erik Moya-Delgado was arrested, that Defendant Patton was the arresting officer, and that Defendant Patton did not physically participate in the arrest. As to the remaining allegations in paragraphs 4.15 of Plaintiffs' Supplemental Complaint, Defendants answer that the contents of any video footage speak for themselves.

4.16   Answering paragraph 4.16 of Plaintiffs' Supplemental Complaint, Defendants admit that Plaintiffs were handcuffed and placed in holding cells within the East Precinct Building. Defendants deny the remaining allegations of paragraph 4.16 of Plaintiffs' Supplemental Complaint.

4.17   Answering paragraph 4.17 of Plaintiffs' Supplemental Complaint, Defendants assert that the contents of King County announcements, statements, or policies speak for themselves and no answer is required. To the extent that an answer is required, Defendants admit the allegations of paragraph 4.17 of Plaintiffs' Supplemental Complaint.

4.18   Defendants admit the allegations in paragraph 4.18 of Plaintiffs' Supplemental Complaint.

ANSWER - 6
2:23-cv-00017 TLF

Ann Davison
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

4.19    Answering paragraph 4.19 of Plaintiffs' Supplemental Complaint, Defendants admit the King County Jail accepted arrestees for booking for offenses other than those listed in any County "booking policy," from law enforcement agencies, including the City. Defendants deny that the City of Seattle had authority to "override" County policy. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations in paragraph 4.19 of Plaintiffs' Supplemental Complaint; and, therefore, deny the same.

4.20    Defendants deny the allegations in paragraph 4.20 of Plaintiffs' Supplemental Complaint.

4.21    Defendants deny the allegations in paragraph 4.21 of Plaintiffs' Supplemental Complaint.

4.22    Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 4.22 of Plaintiffs' Supplemental Complaint; and, therefore, deny the same.

4.23    Defendants deny the allegations in paragraph 4.23 of Plaintiffs' Supplemental Complaint.

4.24    Defendants deny the allegations in paragraph 4.24 of Plaintiffs' Supplemental Complaint.

4.25    Paragraph 4.25 of Plaintiffs' Supplemental Complaint contains legal conclusions, which do not require an answer, in addition to factual allegations. To the extent Plaintiffs' legal conclusions require an answer, Defendants deny the same. Defendants are without sufficient knowledge or information to admit or deny the factual allegations in paragraph 4.25 of Plaintiffs' Supplemental Complaint; and, therefore, deny the same.

4.26    Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 4.26 of Plaintiffs' Supplemental Complaint; and, therefore, deny the same.

4.27    Defendants admit the allegations in paragraph 4.27 of Plaintiffs' Supplemental Complaint.

4.28    Answering paragraph 4.28 of Plaintiffs' Supplemental Complaint, Defendants state that the language of SMC 12A.08.020 in effect at the time of Plaintiffs' arrests speaks for itself, and

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

no answer is required. To the extent that any answer is required, Defendants admit the allegations in paragraph 4.28 of Plaintiffs' Supplemental Complaint.

4.29   Answering paragraph 4.29 of Plaintiffs' Supplemental Complaint, Defendants state that the language of SMC 12A.08.020 in effect at the time of Plaintiffs' arrests and the language of RCW 9A.48.090 speak for themselves an no answer is required. To the extent any answer is required, Defendants admit that the former SMC 12A.08.020 and RCW 9A.48.090 differed. Defendants deny the remaining allegations in paragraph 4.29 of Plaintiffs' Supplemental Complaint.

4.30   Paragraph 4.30 of Plaintiffs' Supplemental Complaint contains legal conclusions to which no response is required. To the extent that any response is required, Defendants deny the allegations in paragraph 4.30 of Plaintiffs' Supplemental Complaint.

4.31   Defendants admit the allegations in paragraph 4.31 of Plaintiffs' Supplemental Complaint.

4.32   Defendants deny the allegations in paragraph 4.32 of Plaintiffs' Supplemental Complaint.

4.33   Answering paragraph 4.33 of Plaintiffs' Supplemental Complaint, Defendants admit Plaintiffs were not prosecuted for violations of SMC 12A.08.020. Defendants deny the remaining allegations in paragraph 4.33 of Plaintiffs' Supplemental Complaint.

4.34   Defendants deny the allegations in paragraph 4.34 of Plaintiffs' Supplemental Complaint.

4.35   Answering paragraph 4.35 of Plaintiffs' Supplemental Complaint, Defendants state that the language of SMC 12A.08.020 speaks for itself and no answer is required. To the extent that an answer is required, Defendants admit that paragraph 4.34 accurately recites the language of SMC 12A.08.020. Defendants further state that the legislative history of SMC 12A.08.020 speaks for itself and no answer is required. To the extent that an answer is required,

ANSWER - 8
2:23-cv-00017 TLF

Defendants admit that paragraph 4.35 accurately recites the legislative history of SMC 12A.08.020. I

4.36 Paragraph 4.36 contains legal conclusions and legal argument to which no answer is required. To the extent that any answer is required, Defendants deny the allegations in paragraph 4.36 of Plaintiffs' Supplemental Complaint.

4.37 Defendants deny the allegations in paragraph 4.37 of Plaintiffs' Supplemental Complaint.

4.38 Answering paragraph 4.38 of Plaintiffs' Supplemental Complaint, Defendants admit the City has a long-established policy of treating sidewalk chalk *on sidewalks* as non-criminal.

4.39 Answering paragraph 4.39 of Plaintiffs' Supplemental Complaint, Defendants admit that paragraph 4.39 accurately reproduces the Twitter post is accurately reproduced but deny that the question or post make any reference to the concept of political neutrality.

4.40 Answering paragraph 4.40, Defendants are without sufficient knowledge or information to admit or deny that the City took no enforcement action against the chalked messages displayed in paragraphs 4.40; and, therefore, denies the same. Defendants deny the remaining allegations in paragraph 4.40 of Plaintiffs' Supplemental Complaint.

4.41 Answering paragraph 4.41, Defendants are without sufficient knowledge or information to admit or deny that the City took no enforcement action against the chalked messages displayed in paragraphs 4.41; and, therefore, denies the same. Defendants deny the remaining allegations in paragraph 4.41 of Plaintiffs' Supplemental Complaint.

4.42 Defendants deny the allegations in paragraph 4.42 of Plaintiffs' Supplemental Complaint.

4.43 Defendants deny that SPD Lt. John Brooks expressed discriminatory animus or "threatened" any member of the public. Defendants are without sufficient knowledge or information to admit or deny whether the reproduced image is from an audio-recording and are unable to

ANSWER - 9
2:23-cv-00017 TLF

admit or deny the contents of any writing in the image. Defendants further respond that the contents of any audio-video recording speak for themselves. Defendants deny the remaining allegations in paragraph 4.43.

4.44    Defendants deny the allegations in paragraph 4.44 of Plaintiffs' Supplemental Complaint.

4.45    Defendants deny the allegations in paragraph 4.45 of Plaintiffs' Supplemental Complaint.

## V.    CAUSES OF ACTION

### Count One: First Amendment Violations under 42 U.S.C. § 1983

5.1    Defendants deny the allegations in paragraph 5.1 of Plaintiffs' Supplemental Complaint.

5.2    Defendants deny the allegations in paragraph 5.2 of Plaintiffs' Supplemental Complaint.

5.3    Defendants deny the allegations in paragraph 5.3 of Plaintiffs' Supplemental Complaint.

5.4    Defendants deny the allegations in paragraph 5.4 of Plaintiffs' Supplemental Complaint.

5.5    Defendants deny the allegations in paragraph 5.5 of Plaintiffs' Supplemental Complaint.

### Count Two: Fourteenth Amendment Violations under 42 U.S.C. § 1983

5.6    Defendants deny the allegations in paragraph 5.6 of Plaintiffs' Supplemental Complaint.

5.7    Defendants deny the allegations in paragraph 5.7 of Plaintiffs' Supplemental Complaint.

5.8    Defendants deny the allegations in paragraph 5.8 of Plaintiffs' Supplemental Complaint.

### Count Three: Fourth Amendment Violations under 42 U.S.C. § 1983

5.9    Defendants deny the allegations in paragraph 5.9 of Plaintiffs' Supplemental Complaint.

### Count Four: Monell claim under 42 U.S.C. § 1983

5.10    Defendants deny the allegations in paragraph 5.10 of Plaintiffs' Supplemental Complaint.

5.11    Defendants deny the allegations in paragraph 5.5 of Plaintiffs' Supplemental Complaint.

## VI.    REQUEST FOR RELIEF

6.1    Answering paragraphs 76.1 through 7.8, Defendants deny Plaintiffs' prayer for relief in its

ANSWER - 10
2:23-cv-00017 TLF

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

entirety and deny that Plaintiffs are entitled to any of the damages or other relief sought in their Supplemental Complaint. Defendants further deny that Plaintiffs have any valid claim for relief, and to the extent factual allegations are intended and/or legal conclusions contrary to applicable law are alleged, they are hereby denied.

6.2     Defendants deny each and every allegation not specifically addressed in this Answer.

<u>AFFIRMATIVE DEFENSES</u>

By way of further answer, without admitting any allegations previously denied, and as to its affirmative and other defenses, Defendants would show that at the time of the filing of their Answer they have not yet had a full opportunity to conduct a complete inquiry into the facts underlying this lawsuit, including the alleged damages. Based upon their knowledge, information and belief at the present time, however, Defendants asserts the following affirmative defenses:

1.      Plaintiffs have failed to state a claim against the Defendants upon which relief may be granted.

2.      Plaintiffs lack standing to facially attack the ordinance, which deprives this Court of subject-matter jurisdiction.

3.      Plaintiffs lack standing to assert a claim for injunctive relief, which deprives this Court of subject-matter jurisdiction.

4.      The City of Seattle, a municipal corporation, and its agencies, are immune from liability for prejudgment interest on tort judgments and are immune from punitive damages.

5.      Plaintiffs' claims are barred by qualified immunity.

6.      The individually named Officer Defendants' conduct was privileged and supported by authority of law.

7.      Plaintiffs' damages and injuries, if any, may have been caused by third parties over

ANSWER - 11
2:23-cv-00017 TLF

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

whom Defendants had no control. Accordingly, an award of damages to this Plaintiff must be reduced to reflect the percentage of fault attributable to each at fault party as required by RCW 4.22.070.

8.      Plaintiffs' alleged injuries, losses, and damages, if any, may have been proximately caused by the fault and/or negligence of Plaintiffs.  Said fault and/or negligence will reduce Plaintiffs' recovery in this matter.

9.      Plaintiffs have failed to take reasonable steps to mitigate damages.

10.     Defendants reserve the right to amend this Answer to assert additional affirmative defenses, counterclaims, or cross-claims as may be appropriate based upon future discovery. Nothing contained in this Answer should be construed as a waiver of any such additional defenses.  Defendants likewise expressly reserve their right to strike any admission, denial or affirmative defense if the continuing discovery in this matter warrants it.

Upon request, and after conducting sufficient discovery, Defendants will withdraw any of the affirmative defenses unsupported by the facts revealed in pre-trial discovery and investigation, should there be any.


WHEREFORE, having fully answered the Plaintiffs' Supplemental Complaint and having asserted defenses and affirmative defenses, Defendants respectfully requests that the Court:

1.      Dismiss Plaintiffs' Supplemental Complaint with prejudice with no relief to Plaintiffs;

2.      Award the Defendants costs; and,

3.      Award the Defendants such other and further relief as the Court deems just and equitable.


DATED this 20th day of July, 2023.

ANSWER - 12
2:23-cv-00017 TLF

Ann Davison
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

ANN DAVISON
Seattle City Attorney


By:   */s/Jessica Leiser*
    Kerala Cowart, WSBA# 53649
    Jessica Leiser, WSBA# 49349
    Assistant City Attorneys

    E-mail: kerala.cowart@seattle.gov
    E-mail: jessica.leiser@seattle.gov


    Seattle City Attorney's Office
    701 Fifth Avenue, Suite 2050
    Seattle, WA 98104
    Phone: (206) 684-8200

    *Attorneys for Defendant City of Seattle, Alexander Patton, Travis Jordon, Dylan Nelson*

ANSWER - 13
2:23-cv-00017 TLF