UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEREK TUCSON, ROBIN SNYDER, MONSIEREE DE CASTRO, and ERIK MOYA-DELGADO,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SEATTLE, ALEXANDER PATTON, DYLAN NELSON, RYAN KENNARD, and MICHELE LETIZIA,<br><br>Defendants. | CASE NO. C23-17 MJP<br><br>ORDER ON MOTIONS IN LIMINE AND JURY INSTRUCTIONS |

This matter comes before the Court on Plaintiffs' Motions in Limine (Dkt. No. 114) and Defendants' Motions in Limine (Dkt. No. 117). Having reviewed the Motions, the Responses (Dkt. Nos. 119, 121), and all supporting materials, and having orally ruled on the Motions during the Pretrial Conference held on May 30, 2024, the Court issues this Order memorializing its oral rulings that contain the Court's more complete reasoning on the issues raised in the Motions.

The Court also issues this Order to address certain changes to the preliminary jury instructions that it has made since the final Pretrial Conference held on June 5, 2024. The changes to the jury instructions also alter the Court's determination of two Motions in Limine, as identified below.

**MOTIONS IN LIMINE**

**A.      Agreed Motions in Limine:**

Plaintiffs identified ten motions in limine on which the Parties were purportedly in agreement. (Dkt. No. 114 at 4.) But during the Pretrial Conference, Defendants voiced opposition to the third "agreed" topic: "[e]xclusion of prejudicial and irrelevant texts/social media posts by Plaintiffs after the arrests." (Id.) The Court therefore WITHHOLDS RULING on this topic. Additionally, the Court has DENIED the request to allow leading questions of hostile witness—because the Court must first determine whether a witness is hostile, the Court will address this issue as it arises during trial. Additionally, given that the Court has excluded Benjamin Thomas Kennedy as a witness, the Court DENIES as MOOT the Motion concerning his relationship with the City Attorney's opponent. The Court otherwise GRANTS the Motions as to the seven remaining agreed topics, which are:

      1.      Exclusion of non-party witnesses under FRE 615.

      2.      Exclusion of handcuffs and key found on Plaintiff Snyder at time of arrest and booking (unless the door is opened at trial).

      3.      Exclusion of prior "good acts" of Defendants.

      4.      Exclusion of PR Screening Process at jail (unless door is opened).

      5.      Exclusion of Plaintiff Tucson's DUI and dismissed trespassing cases.

      6.      Cross-endorsement of Defendants' witnesses.

|    |     |     |                                                                                   |
|----|-----|-----|-----------------------------------------------------------------------------------|
| 1  |     | 7.  | Exclusion of attorneys' fees in event of verdict in Plaintiffs' favor.            |
| 2  | B.  | **Plaintiffs' Motions in Limine** |                                                 |
| 3  |     | 1.  | GRANTED.                                                                          |
| 4  |     | 2.  | Although the Court granted this Motion in part during the pretrial conference, the Court has reconsidered its decision and now DENIES the Motion. The officers may testify about their belief concerning probable cause and the Parties may discuss probable cause consistent with the Court's revised jury instruction on the Retaliatory Arrest claim. |
| 9  |     | 3.  | DENIED.                                                                           |
| 10 |     | 4.  | DENIED.                                                                           |
| 11 |     | 5.  | Agreed and GRANTED.                                                               |
| 12 |     | 6.  | DENIED. May be used as rebuttal, if shown to be proper rebuttal.                  |
| 13 | C.  | **Defendants' Motions in Limine** |                                                 |
| 14 |     | 1.  | WITHHELD RULING.                                                                  |
| 15 |     | 2.  | GRANTED.                                                                          |
| 16 |     | 3.  | DENIED.                                                                           |
| 17 |     | 4.  | GRANTED.                                                                          |
| 18 |     | 5.  | GRANTED.                                                                          |
| 19 |     | 6.  | DENIED.                                                                           |
| 20 |     | 7.  | DENIED.                                                                           |
| 21 |     | 8.  | GRANTED, in part.                                                                 |
| 22 |     | 9.  | DENIED in part and GRANTED in part.                                               |

| | | |
|---|---|---|
| 10. | Agreed and GRANTED. |

10. Agreed and GRANTED.

11. Agreed and GRANTED.

12. Agreed and GRANTED.

13. Agreed and GRANTED.

14. DENIED.

15. GRANTED.

16. Although the Court granted this Motion during the Pretrial Conference, it has reconsidered its decision and now DENIES the Motion given the Court's revision to the Retaliatory Arrest claim jury instruction, as discussed below.

17. DENIED.

**PRELIMINARY JURY INSTRUCTION REVISIONS**

After the Final Pretrial Conference, the Court considered further Defendants' request for the Court to instruct the jury to make factual determinations relevant to the Nieves v. Bartlett, 587 U.S. 391 (2019) exception to probable cause. The Court believes that an instruction is necessary, but not as Defendants requested. In Nieves, the Court explained that "[t]he plaintiff pressing a retaliatory arrest claim must plead and prove the absence of probable cause for the arrest." Nieves, 587 U.S. at 402. But the Court also explained that this probable cause exception is a "threshold showing," which, once proved, allows "the plaintiff's claim [to] . . . proceed in the same manner as claims where the plaintiff has met the threshold showing of the absence of probable cause." Id. at 407–08 (citation omitted). In ruling on the Parties' cross-motions for summary judgment on the retaliatory arrest claim, the Court found that Plaintiffs proved this threshold showing through undisputed evidence that sufficiently demonstrated that similarly-situated individuals engaged in non-protected conduct have not been arrested. (Order on Cross-

Motions for Summary Judgment at 20-22 (Dkt. No. 116).) As such, the Court does not find this to be a disputed factual issue for the jury to resolve.

Notwithstanding the resolution of this "threshold" issue, the Court believes it necessary to instruct the jury as to its determination there was probable cause to arrest and that officers typically do not exercise their discretion to arrest individuals for chalking or charcoaling on sidewalks and public walls such as the temporary eco-block wall. As the opinion in Nieves makes clear, evidence of probable cause and the lack thereof is relevant to the question of causation and animus. See Nieves, 587 U.S. at 400-02 (noting that the absence or existence of probable cause is "'highly valuable circumstantial evidence'" of retaliatory animus and causation (quoting Hartman v. Moore, 547 U.S. 250, 256 (2006)). The jury should be allowed to hear that there was probable cause to arrest and that officers typically do not arrest individuals for chalking or charcoaling on sidewalks and public walls such as the temporary eco-block wall. The Court expressly includes reference to sidewalks in the jury instruction because, from a constitutional perspective, a sidewalk is indistinguishable from the temporary eco-block wall as far as being a traditional public forum.

In light of the Court's determination, the Court has amended the retaliatory arrest jury instruction and altered its decision on two Motions in Limine, as noted above. Copies of the instructions will be delivered to the parties via e-mail. The Parties may then take formal exception to this set of instructions on the morning of trial on June 12, 2024. The final set used for preliminary instruction of the jury will then be posted to the docket.

\\

\\

\\

1   The clerk is ordered to provide copies of this order to all counsel.

2   Dated June 7, 2024.

Marsha J. Pechman
United States Senior District Judge