UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DEREK TUCSON, ROBIN SNYDER, MONSIEREE DE CASTRO, and ERIK MOYA-DELGADO,

               Plaintiffs,

     v.

CITY OF SEATTLE, ALEXANDER PATTON, DYLAN NELSON, RYAN KENNARD, and MICHELE LETIZIA,

               Defendants.

CASE NO. C23-17 MJP

COURT'S FINAL INSTRUCTIONS TO THE JURY

Dated: June 20, 2024

Marsha J. Pechman
United States Senior District Judge

**INSTRUCTION NO. 1**

**Duty of the Jury**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not, including unconscious bias. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention. Like conscious bias, unconscious bias, too, can affect how we evaluate information and make decisions. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

## INSTRUCTION NO. 2

### Neutral Statement of the Case

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

This is a civil case. The Plaintiffs are Derek Tucson, Robin Snyder, Monsieree De Castro, and Erik Moya-Delgado. They bring claims against four members of the Seattle Police Department: Sergeant Ryan Kennard, Officer Michele Letizia, Officer Dylan Nelson, and Officer Alexander Patton. Plaintiffs also bring claims against the City of Seattle.

The events that give rise to this case began on January 1, 2021, when the four Plaintiffs were arrested by Seattle police officers in front of the Seattle Police Department's East Precinct Building on Capitol Hill in Seattle. Plaintiffs were arrested because they used charcoal briquettes or chalk to write political messages on a temporary concrete wall that blocked the sidewalk around the Precinct and because Moya-Delgado also wrote political messages in chalk on the Precinct wall. You will hear the temporary concrete wall referred to as a "concrete eco-block" wall. After being arrested, Plaintiffs were taken to King County Jail for booking.

Plaintiffs pursue three claims under federal law:

(1)     The individual Defendants violated Plaintiffs' First Amendment rights by arresting them because of the content or viewpoint of their writing;

(2)     The individual Defendants violated Plaintiffs' First Amendment rights by booking them in King County Jail because of the content or viewpoint of their writing; and

(3)     The City of Seattle had a policy, practice, or custom of retaliating against protestors by booking them in jail.

Plaintiffs have the burden of proving their claims.

Defendants deny all of Plaintiffs' claims.

**INSTRUCTION NO. 3**

**Chart of Claims**

To help you understand each Plaintiff's claims, the Court has prepared these charts:

**Plaintiff Tucson:**

| Claim Number | Claim | Defendant(s) |
|---|---|---|
| 1 | Retaliatory Arrest | Defendants Letizia and Patton |
| 2 | Retaliatory Booking | Defendants Kennard, Nelson, and Patton |

**Plaintiff Snyder:**

| Claim Number | Claim | Defendant(s) |
|---|---|---|
| 1 | Retaliatory Arrest | Defendants Letizia and Nelson |
| 2 | Retaliatory Booking | Defendants Kennard and Patton |

**Plaintiff De Castro:**

| Claim Number | Claim | Defendant(s) |
|---|---|---|
| 1 | Retaliatory Arrest | Defendants Letizia and Nelson |
| 2 | Retaliatory Booking | Defendants Kennard and Patton |

**Plaintiff Moya-Delgado:**

| Claim Number | Claim | Defendant(s) |
|---|---|---|
| 1 | Retaliatory Arrest | Defendant Letizia |
| 2 | Retaliatory Booking | Defendants Kennard, Nelson, and Patton |

**All Plaintiffs**

All four Plaintiffs bring a Retaliatory Booking claim against the Defendant City of Seattle

## INSTRUCTION NO. 4

### Rulings on Objections

There are rules of evidence that control what can be received into evidence. During the trial, when a lawyer asked a question or offered an exhibit into evidence and a lawyer on the other side thought that it was not permitted by the rules of evidence, that lawyer was entitled to object. If I overruled the objection, the question could be answered or the exhibit received. If I sustained the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may have ordered that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

**INSTRUCTION NO. 5**

**What is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits that are admitted into evidence;

3.      any facts to which the lawyers have agreed; and

4.      any facts that I have instructed you to accept as proved.

You may also have heard testimony in the form of depositions.  This testimony is also evidence from which you are to decide the facts.  You should draw no inference from whether these individuals were or were not physically present in the court themselves.

**INSTRUCTION NO. 6**

**What is Not Evidence**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1.      Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.      Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.      Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4.      Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## INSTRUCTION NO. 7

### Direct and Circumstantial Evidence

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## INSTRUCTION NO. 8

### Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case, if any;

5. the witness's bias or prejudice, if any;

6. whether other evidence contradicted the witness's testimony;

7. the reasonableness of the witness's testimony in light of all the evidence; and

8. any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

You must avoid bias, conscious or unconscious, based on the witness's race, color, religious beliefs, national origin, sexual orientation, gender identity, or gender in your determination.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

## INSTRUCTION NO. 9

### Bench Conferences and Recesses

From time to time during the trial, it became necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury was present in the courtroom, or by calling a recess. Please understand that while you were waiting, we were working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we have done what we could to keep the number and length of these conferences to a minimum. I did not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

## INSTRUCTION NO. 10

### Deposition in Lieu of Live Testimony

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The deposition of Adrian Diaz was taken on September 7, 2023, respectively. Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

**INSTRUCTION NO. 11**

**Burden of Proof**

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**INSTRUCTION NO. 12**

**Taking Notes**

You were permitted to take notes to help you remember the evidence. If you did take notes, please keep them to yourself until you go to the jury room to decide the case. When you leave at the end of the day or at the conclusion of your deliberations, your notes should be left in the jury room. No one will read your notes. Your notes will be destroyed after you render your verdict.

Whether or not you took notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

**INSTRUCTION NO. 13**

**Identity of Parties**

There are four plaintiffs in this case: (1) Derek Tucson; (2) Robin Snyder; (3) Monsieree De Castro; and (4) Erik Moya-Delgado. There are also five defendants in this case: (1) Alexander Patton; (2) Dylan Nelson; (3) Ryan Kennard; (4) Michele Letizia; and (5) the City of Seattle. As reflected in the verdict forms, you should decide the case as to each plaintiff and defendant separately. Unless otherwise stated, the instructions apply to all parties.

**INSTRUCTION NO. 14**

**Municipal Corporations**

All parties are equal before the law and a municipal corporation, such as the City of Seattle, is entitled to the same fair and conscientious consideration by you as any party.

**INSTRUCTION NO. 15**

**Definition of Criminal Charge**

You have heard testimony about whether certain criminal allegations were "charged."

An allegation is "charged" when it is filed in court for prosecution.

Law enforcement officers in Washington State can either (1) send a criminal allegation to the appropriate prosecuting attorney to decide whether to file it in court for prosecution or (2) directly initiate prosecution by issuing a citation to the accused person and filing a copy of the citation in court.

**INSTRUCTION NO. 16**

**Federal Claims – Introductory Instruction**

The plaintiffs bring their claims under the federal statute which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

The Constitution of the United States specifically protects the rights of freedom of speech, freedom of peaceable assembly, and the freedom to petition the government for redress of grievances. Verbal criticism of the police, including through the use of profanity or strong language, is protected by the First Amendment.

**INSTRUCTION NO. 17**

**Federal Claims – Causation**

A person deprives another of a constitutional right if that person does an affirmative act, participates in another's affirmative act, or omits to perform an act which that person is legally required to do, that causes the deprivation. The Defendants' conduct causes the deprivation of a constitutional right when such conduct is both the cause in fact and the proximate cause of the deprivation.

**INSTRUCTION NO. 18**

**Federal Claims – Burden of Proof as to a Defendant in Individual Capacity**

In order to prevail on their claims brought under federal law against Defendants Patton, Nelson, Kennard, and Letizia the Plaintiffs must prove each of the following elements by a preponderance of the evidence:

(1)     the Defendant acted under color of state law; and

(2)     the acts of the Defendant deprived the plaintiff of particular rights under the United States Constitution as explained in later instructions; and

(3)     The Defendant's conduct was an actual cause of the claimed injury.

As to the first element, a person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The Parties agree that Defendants Patton, Nelson, Kennard, and Letizia acted under color of state law and you are to assume that has been proved.

Regarding the second element, a defendant may cause a constitutional violation by personally participating in the constitutional violation. A Defendant may also be deemed to have caused a constitutional violation if either: (i) the Defendant knew about and acquiesced in the constitutionally defective conduct as part of a common plan with those whose conduct constituted the violation, or (ii) the Defendant set in motion a series of acts by others which the defendant knew or reasonably should have known would cause others to inflict the constitutional injury. A supervisor may be liable for the acts of his subordinates if the supervisor participated in or directed the violations, or knew of the violations of subordinates and failed to act to prevent them.

The Defendant's conduct is an actual cause of a plaintiff's injury only if the injury would not have occurred 'but for' that conduct, and the conduct has a sufficient connection to the result.

If you find the Plaintiffs have proved each of these elements, and if you find that the Plaintiffs have proved all the elements they are required to prove under Instructions Nos. 19, 20 and 21, your verdict should be for the Plaintiffs. If, on the other hand, you find that the Plaintiffs have failed to prove any one or more of these elements, your verdict should be for the Defendants.

## INSTRUCTION NO. 19

### Federal Claim No. 1 – Retaliatory Arrest

As previously explained, the Plaintiffs have the burden of proving that the acts of the defendants deprived the Plaintiffs of particular rights under the United States Constitution. The Plaintiffs allege Defendants deprived them of rights under the First Amendment to the Constitution when they arrested Plaintiffs for writing political messages on the eco-block wall with chalk and/or charcoal. Plaintiff Moya-Delgado also alleges Defendants deprived him of rights under the First Amendment to the Constitution when they arrested him for writing political messages on both the eco-block wall and the Precinct wall with chalk. Each Plaintiff alleges these claims against Defendants as follows:

A.   Plaintiff Tucson brings this claim against Defendants Letizia and Patton;

B.   Plaintiff Snyder brings this claim against Defendants Letizia and Nelson;

C.   Plaintiff De Castro brings this claim against Defendants Letizia and Nelson; and

D.   Plaintiff Moya-Delgado brings this claim against Defendant Letizia.


Under the First Amendment, a person has the right to free expression. To establish the Defendants deprived the plaintiffs of this First Amendment right, the Plaintiffs must prove the following additional elements by a preponderance of the evidence:

(1)   Plaintiffs were engaged in a constitutionally protected activity;

(2)   Defendants' actions against the plaintiffs would chill a person of ordinary firmness from continuing to engage in the protected activity; and

(3)   Plaintiffs' protected activity was a substantial or motivating factor in the defendants' decisions to arrest them.

As to the first element, the Parties agree that Plaintiffs' political writing in this case was a constitutionally protected activity. I instruct you to find that Plaintiffs have proved the first element.

As to the second element, the Parties agree that Defendants' arrests of Plaintiffs would chill a person of ordinary firmness from continuing to engage in the constitutionally protected activity. I instruct you to find that Plaintiffs have proved the second element.

As to the third element, you must determine whether Plaintiffs have proven by a preponderance of the evidence that their viewpoint, as expressed in their protected activity on January 1, 2021, was a substantial or motivating factor in each Defendants' decisions to arrest them. A substantial or motivating factor is a significant factor, though not necessarily the only factor.

In considering the third element, I instruct you that the arresting officers had probable cause to arrest the Plaintiffs for violating a City law that makes it illegal to write, paint, draw, or mark on someone else's property without express permission. "Probable cause" exists when, under all of the circumstances known to the officer at the time, an objectively reasonable police officer would conclude there is a fair probability that the plaintiff has committed or was committing a crime. In considering the third element, I also instruct you that Plaintiffs have presented objective evidence that officers typically do not exercise their discretion to arrest people chalking or charcoaling on sidewalks and public walls such as the temporary eco-block wall. It is up to you to decide how you wish to consider the existence of probable cause and the fact that officers typically do not exercise their discretion to arrest people for chalking or charcoaling on sidewalks and public walls such as the temporary eco-block wall.

If the Plaintiffs establish each of the three elements of their claim, the burden shifts to the Defendants to prove by a preponderance of the evidence that the Defendants would have taken the actions in question, even in the absence of any motive to retaliate against the Plaintiffs. If you find that the Defendants are able to demonstrate this, you must find for the Defendants. If you find that the Defendants are not able to demonstrate this, you must find for the Plaintiffs.

## INSTRUCTION NO. 20

**Federal Claim No. 2 – Retaliatory Booking Claim Against Individual Officers**

As previously explained, the Plaintiffs have the burden of proving that the acts of the defendants deprived the Plaintiffs of particular rights under the United States Constitution. The Plaintiffs allege Defendants deprived them of rights under the First Amendment to the Constitution when they caused Plaintiffs to be booked in King County Jail for writing political messages on the eco-block wall with chalk and/or charcoal. Plaintiff Moya-Delgado also alleges Defendants deprived him of rights under the First Amendment to the Constitution when they caused him to be booked in King County Jail for writing political messages on both the eco-block wall and the Precinct wall with chalk. Each Plaintiff alleges these claims against Defendants as follows:

      A.     Plaintiff Tucson brings this claim against Defendants Kennard, Nelson, and Patton;

      B.     Plaintiff Snyder brings this claim against Defendants Kennard and Patton;

      C.     Plaintiff De Castro brings this claim against Defendants Kennard and Patton; and

      D.     Plaintiff Moya-Delgado brings this claim against Defendant Kennard, Nelson, and Patton.

Under the First Amendment, a person has the right to free expression.  To establish the Defendants deprived the plaintiffs of this First Amendment right, the Plaintiffs must prove the following additional elements by a preponderance of the evidence:

      (1)     Plaintiffs were engaged in a constitutionally protected activity;

(2)     Defendants' actions against the plaintiffs would chill a person of ordinary firmness from continuing to engage in the protected activity; and

(3)     the Plaintiffs' protected activity was a substantial or motivating factor in the defendants' decisions to book them in King County Jail.

As to the first element, the Parties agree that Plaintiffs' political writing in this case was a constitutionally protected activity. I instruct you to find that Plaintiffs have proved the first element.

As to the second element, the Parties agree that Defendants' arrests of Plaintiffs would chill a person of ordinary firmness from continuing to engage in the constitutionally protected activity. I instruct you to find that Plaintiffs have proved the second element.

As to the third element, you must determine whether Plaintiffs have proven by a preponderance of the evidence that their viewpoint, as expressed in their protected activity on January 1, 2021, was a substantial or motivating factor in the defendants' decisions to book them in King County Jail. A substantial or motivating factor is a significant factor, though not necessarily the only factor.

If the Plaintiffs establish each of the three elements of their claim, the burden shifts to the Defendants to prove by a preponderance of the evidence that the Defendants would have taken the actions in question, even in the absence of any motive to retaliate against the Plaintiffs.  If you find that the Defendants are able to demonstrate this, you must find for the Defendants. If you find that the Defendants are not able to demonstrate this, you must find for the Plaintiffs.

## INSTRUCTION NO. 21

**Federal Claim No. 3 – Retaliatory Booking Claim Against the City of Seattle**

In order to prevail on their Retaliatory Booking claim against Defendant City of Seattle, alleging liability based on an official policy, practice, or custom, Plaintiffs must prove each of the following elements by a preponderance of the evidence:

(1)    Defendants Kennard, Nelson, and/or Patton acted under color of state law;

(2)    The acts of Defendants Kennard, Nelson, and/or Patton deprived the Plaintiffs of particular rights under the United States Constitution, as explained in earlier instructions, when they caused Plaintiffs' to be booked in King County Jail;

(3)    Defendants Kennard, Nelson, and/or Patton acted pursuant to an expressly adopted official policy or a widespread or longstanding practice or custom of the Defendant City of Seattle; and

(4)    Defendant City of Seattle's official policy or widespread or longstanding practice or custom caused the deprivation of the Plaintiff's rights by Defendants Kennard, Nelson, and/or Patton; that is, the City of Seattle's official policy or widespread or longstanding practice or custom is so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.  The parties agree that Defendants Kennard, Nelson, and/or Patton acted under color of state law, and I instruct you to find that the first element has been proved.

"Official policy" means a formal policy, such as a rule or regulation adopted by the Defendant City of Seattle, resulting from a deliberate choice to follow a course of action made

from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.

"Practice or custom" means any longstanding, widespread, or well-settled practice or custom that constitutes a standard operating procedure of the defendant City of Seattle. If you find that the Plaintiffs have proved each of these elements, and if you find that the Plaintiffs have proved all the elements the Plaintiffs are required to prove under Instruction No. 20 (Federal Claim No. 2 – Retaliatory Booking Claim Against Individual Officers), your verdict should be for the Plaintiffs.  If, on the other hand, you find that the Plaintiffs have failed to prove any one or more of these elements, your verdict should be for the Defendants.

## INSTRUCTION NO. 22

### Damages

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for one or more of Plaintiffs on one or more of Plaintiffs' claims, you must determine each Plaintiff's damages. Plaintiffs have the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

(1)     The nature and extent of the injuries;

(2)     The loss of enjoyment of life experienced and that with reasonable probability will be experienced in the future; and

(3)     The mental and emotional pain and suffering experienced and that with reasonable probability will be experienced in the future, including but not limited to pain, suffering, inconvenience, mental anguish, and humiliation.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork, or conjecture.

## INSTRUCTION NO. 23

### Aggravation of Preexisting Condition

If your verdict is in favor of Plaintiff Derek Tucson, and if you find that:

(1) before this occurrence that Plaintiff Tucson had a pre-existing bodily injury that was causing pain or disability; and

(2) because of this occurrence the condition or the pain or the disability was aggravated, then you should consider the degree to which the condition or the pain or disability was aggravated by this occurrence when assessing damages.

However, you should not consider any condition or disability that may have existed prior to this occurrence, or from which Plaintiff Derek Tucson may now be suffering, that was not caused or contributed to by this occurrence.

**INSTRUCTION NO. 24**

**Nominal Damages**

The law that applies to this case authorizes an award of nominal damages.  If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages.  Nominal damages may not exceed one dollar.

## INSTRUCTION NO. 25

### Punitive Damages

If you find for the Plaintiffs, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The Plaintiffs have the burden of proving by a preponderance of the evidence that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that the Defendants' conduct that harmed the Plaintiffs was malicious, oppressive or in reckless disregard of the Plaintiffs' rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the Plaintiffs with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiffs.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the Defendants' conduct, including whether the conduct that harmed the plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this

case.  You may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the plaintiff in this case.

In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

Punitive damages may not be awarded against Defendant City of Seattle. You may impose punitive damages against one or more of the Defendants and not others and may award different amounts against different Defendants. Punitive damages may be awarded even if you award Plaintiffs only nominal, and not compensatory, damages.

**INSTRUCTION NO. 26**

**Duty to Deliberate**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## INSTRUCTION NO. 27

## No Transcript

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial.

## INSTRUCTION NO. 28

### Access to Electronic Evidence

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. (You may request a paper copy of any exhibit received in evidence by sending a note through the Courtroom Deputy.) If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the Courtroom Deputy, signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the Courtroom Deputy present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any nonjuror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not

permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials. Do not remove the computer or any electronic data or media from the jury room, and do not copy any such data.

**INSTRUCTION NO. 29**

**Communication with Court**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Courtroom Deputy, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**INSTRUCTION NO. 30**

**Verdict Form**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the Courtroom Deputy that you are ready to return to the courtroom.

## INSTRUCTION NO. 31

### Conduct as Jurors

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations.

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to

read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.