UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEREK TUCSON, ROBIN SNYDER, MONSIEREE DE CASTRO, and ERIK MOYA-DELGADO,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SEATTLE, ALEXANDER PATTON, DYLAN NELSON, RYAN KENNARD, and MICHELE LETIZIA,<br><br>Defendants. | CASE NO. C23-17 MJP<br><br>ORDER DENYING MOTION TO STAY MONEY JUDGMENT |

This matter comes before the Court on Defendants' Motion to Stay Money Judgment. (Dkt. No. 179.) Having reviewed the Motion, Plaintiffs' Response (Dkt. No. 196), the Reply (Dkt. No. 203), and all supporting materials, the Court DENIES the Motion.

As clarified in their Reply, Defendants ask the Court to stay execution of the money judgment pending a ruling on their two post-trial Motions. (Dkt. No. 203.) They also ask that they not be required to post a bond on the theory that: (1) they will have to pay an premiums that

ORDER DENYING MOTION TO STAY MONEY JUDGMENT - 1

could not be recovered if the Court grants the post-trial motions; and (2) they could not amend the bond if the Court denies the post-trial motions and Defendants then appeal. (Id. at 2-3.)

The Court finds two problems with Defendants' request. First, Defendants have not explained why their request complies with Federal Rule of Civil Procedure 62 or any other applicable rule or authority. Although they identified Rule 62(b) in their Motion, (Dkt. No. 179 at 2), they have not explained why the revised request comports with Rule 62 or any other rule. Nor have Defendants explained why they cannot post some "other security" in lieu of a bond, as is countenanced by Fed. R. Civ. P. 62(b). Second, Defendants have not adequately convinced the Court that it has the authority to and should use its discretion to excuse Rule 62(b)'s "bond or other security" requirement. See Ruiz Fajardo Ingenieros Asociados S.A.S. v. Flow Int'l Corp., No. C16-1902 RAJ, 2019 WL 2578603, at *4 (W.D. Wash. June 24, 2019). Defendants suggest that they may incur non-refundable costs in obtaining a bond and that they could potentially have to obtain a second bond for an appeal. But they have not explained why it would be prudent to allow the stay absent a bond or security, particularly where there is no evidence before the Court as to each individual defendant's ability to satisfy the judgment against them. The Court does not have a record before it that would allow it to engage in any equitable balancing or consideration of whether its discretion is properly exercised to allow a stay without either bond or other security.

Given these concerns, the Court DENIES the Motion. The denial is without prejudice to a renewed motion that addresses the Court's concerns.

\\

\\

\\

The clerk is ordered to provide copies of this order to all counsel.

Dated August 7, 2024.

*Marsha J. Pechman*

Marsha J. Pechman
United States Senior District Judge