UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEREK TUCSON, ROBIN SNYDER, MONSIEREE DE CASTRO, and ERIK MOYA-DELGADO,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SEATTLE, ALEXANDER PATTON, DYLAN NELSON, RYAN KENNARD, and MICHELE LETIZIA,<br><br>Defendants. | CASE NO. C23-17 MJP<br><br>ORDER ON DEFENDANTS' MOTION FOR RECONSIDERATION |

This matter comes before the Court on Defendants' Motion for Reconsideration. (Dkt. No. 223.) Having reviewed the Motion and all supporting materials, the Court GRANTS in part and DENIES in part the Motion.

Ostensibly invoking Federal Rule of Civil Procedure 59(e) and Local Civil Rule 7(h)(1), Defendants move the Court to reconsider its Order on Plaintiffs' Motion for Permanent Injunction. (Mot. at 3.) Oddly, Defendants concede that they cannot meet the requirements of either Rule 59(e) or Local Rule 7(h)(1), and expressly state that they are "not asking the Court to

reconsider or alter any of the substantive aspects or requirements of its" Order on the Permanent Injunction. (Dkt. No. 3.) Instead, Defendants "ask[] the Court to modify its Order only for the purpose of providing greater clarity and additional guidance so that the City can ensure compliance and, possibly, appeal." (Id.) There are several flaws with Defendants' Motion, and only one narrow basis on which they are entitled to relief.

First, as Defendants concede, they are not entitled to relief under either Rule 59(e) or Local Civil Rule 7(h)(1). That alone merits denial of the Motion.

Second, Defendants' request in Section I of their Motion for "clarification" fails to identify any grounds for relief. (See Mot. at 2, 4-6.) Defendants obliquely ask the Court to confirm their "understanding" of the Court's rulings so that the City can "adhere to the Court's substantive legal rulings." (Id.) But Section I of the Motion does not identify any portion of the Order on the Permanent Injunction that commanded Defendants to take or forebear any action, such that clarification might be necessary to "ensure compliance." (See Mot. at 3; id. at 4-6.) In essence, Defendants want the Court to provide an advisory opinion and legal advice that might confirm the City's interpretation of the Court's prior rulings. The Court cannot properly issue such an advisory opinion or give a party legal advice. See, e.g., Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 101 (1998) (noting that federal courts lack authority to issue advisory opinions). Even if the Court were inclined to clarify any prior ruling, Defendants fail to state explicitly in Section I what aspects of the Court's prior orders require clarification and the reason why such clarification is needed. And to the extent Defendants challenge the Court's Order on the Cross-Motions for Summary Judgment, their request for reconsideration is untimely. For these multiple reasons the Court DENIES Defendants' Section I request for reconsideration.

Third, the Court cannot provide an advisory opinion on whether or not the City's planned deletion of certain records will or will not comply with the Injunction. (See Mot. at 6-7.) Without any supporting declaration, the City states it "plans to delete all records in [the Seattle Police Department's record management system called] Mark 43 that relate to Plaintiffs' arrests" but that "the City does not plan to delete records outside of Mark 43 that [sic] information about the officers' activities but contain no identifying information about Plaintiffs (such as the radio logs)." (Mot. at 6.) The Court cannot opine on whether this will or will not comply with the Court's Injunction, as there is no supporting declaration and no evidence about what precisely Defendants plan to delete or save and whether it might fall within the Court's Injunction. The Court DENIES the requested clarification on this inadequate record. The Court urges Defendants to read the Court's Injunction carefully and confer with Plaintiffs' counsel if they are unable to determine how to comply. The Court will not extend the time for compliance, but its denial is without prejudice to a renewed motion filed using the Rule 37(a)(1) joint format with evidentiary support and after the Parties meet and confer.

        Fourth, Defendants ask the Court "whether the Injunction permits SPD to produce records in response" to Public Records Act requests "up until those records have been deleted per the Injunction." (Mot. at 7.) On this limited issue, the Court GRANTS the Motion and CLARIFIES that Defendants may not provide records of these arrests in response to any pending PRA requests. While the Injunction provided thirty days to complete deletion and to file a certification, it did not suggest that Defendants should continue to provide third parties with records of the January 1, 2021 arrests during that thirty-day period. Allowing the dissemination of these records would violate the letter and spirit of the Injunction. For these reasons, the Court

1  clarifies that Defendants must not include records of the January 1, 2021 arrests in response to
2  any pending PRA request.
3       The clerk is ordered to provide copies of this order to all counsel.
4       Dated September 25, 2024.

                                      Marsha J. Pechman
                                      United States Senior District Judge