**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 23 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DEREK TUCSON; ROBIN SNYDER; MONSIEREE DE CASTRO; ERIK MOYA-DELGADO,<br><br>    Plaintiffs - Appellees,<br><br> v.<br><br>CITY OF SEATTLE; ALEXANDER PATTON; DYLAN NELSON; RYAN KENNARD; MICHELE G. LETIZIA,<br><br>    Defendants - Appellants,<br><br>and<br><br>TRAVIS JORDAN, ASATG, MIA NGUYEN, JAMISON MAEHLER, NICHOLAS GREGORY, RYAN BARRETT, JOHN DOES, 1-4; 1-2,<br><br>    Defendants. | No. 24-5801<br><br>D.C. No.<br>2:23-cv-00017-MJP<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Argued and Submitted August 12, 2025
Seattle, Washington

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: HAWKINS, McKEOWN, and WARDLAW, Circuit Judges.

The City of Seattle and several of its officers ("the City") appeal a jury verdict finding them liable for retaliatory arrest. The City challenges the district court's jury instructions, the denial of its renewed Rule 50 motion, the denial of its motion for a new trial, and the award of attorney's fees. We have jurisdiction under 28 U.S.C. § 1291, and we affirm. We assume the parties' familiarity with the facts.

1. The City first contends that the question of whether Plaintiffs presented sufficient evidence under *Nieves v. Bartlett*, 587 U.S. 391 (2019), should have been submitted to the jury. Under *Nieves*, absent a "no-probable-cause" showing, a retaliatory arrest claim fails. *Id.* at 404. The "no-probable-cause" requirement does not apply, however, when Plaintiffs present objective evidence that similarly situated individuals who were not engaged in protected speech were not arrested. *Id.* at 407; *see also Gonzalez v. Trevino*, 602 U.S. 653, 658 (2024). The City specifically maintains that the issue of disparate treatment was properly for the jury to decide. Even assuming that is correct, we conclude that any error was harmless. Improper jury instructions warrant reversal only if it is more likely than not that the verdict would have been different. *See Sidibe v. Sutter Health*, 103 F.4th 675, 685 (9th Cir. 2024).

Here, the jury necessarily determined that the evidence of disparate

treatment sufficiently outweighed any probable cause.  Thus, even if the issue were properly submitted to the jury, the verdict would not change.

2.  We also affirm the district court's denial of the City's renewed Rule 50(b) motion.  We review de novo, *Josephs v. Pac. Bell*, 443 F.3d 1050, 1062 (9th Cir. 2006), but must draw all reasonable inferences in favor of the verdict, *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).

First, the district court properly concluded that there was sufficient evidence to support a finding of retaliatory animus for any of the officers.  Plaintiffs introduced evidence that each officer knew the content of the chalking and that others engaging in the same conduct were not arrested.  That evidence sufficed to show retaliatory animus.  *See Ballentine v. Tucker*, 28 F.4th 54, 62 (9th Cir. 2022) (reasoning that evidence of knowledge of the plaintiffs' speech, coupled with evidence of differential treatment, is enough to sustain the jury's verdict).

Next, the City contests the finding of *Monell* liability.  While we agree that the City should not have been held liable based on the County Jail's booking policy, because the jury did not award damages against the City on the plaintiff's *Monell* claim, we conclude that any error is harmless.

The City also contends that the district court erred in denying qualified immunity on Plaintiffs' retaliatory booking claims.  However, "binding Ninth Circuit precedent gave [the officers] fair notice that it would be unlawful to arrest

Plaintiffs in retaliation for their First Amendment activity, notwithstanding the existence of probable cause." *Ballentine*, 28 F.4th at 65.

The City further objects to the district court's consideration of whether the officers thought that Plaintiffs' chalked messages were "fair to police." We reject that argument. An officer's reaction to the content of speech is directly relevant to whether that speech was a substantial motivating factor in the arrest. *See Skoog v. Cnty. of Clackamas*, 469 F.3d 1221, 1232 (9th Cir. 2006) ("To demonstrate retaliation in violation of the First Amendment, [the plaintiff] . . . must ultimately prove that [the officer's] *desire* to cause the chilling effect was a but-for cause of the defendant's action." (emphasis added)).

3. The district court did not err in denying the City's motion for a new trial. The City sought a new trial based on the district court (1) putting forth misleading jury instructions, (2) admitting prejudicial evidence concerning the officers' potential political leanings, and (3) admitting testimony concerning King County Jail's "protestor exception" to its COVID-19 jailing policy. We review a district court's ruling on a motion for a new trial for abuse of discretion, *Janes v. Wal-Mart Stores Inc.*, 279 F.3d 883, 886 (9th Cir. 2002), and we discern no abuse.

We first conclude that the jury instructions were not misleading. The instructions made clear that Plaintiffs' political speech was protected and that the jury had to decide whether that speech was a motivating factor in the officers'

decision to arrest. The district court instructed that the jury must decide "whether Plaintiffs have proven by a preponderance of the evidence that *their viewpoint, as expressed in their protected activity on January 1, 2021*, was a substantial or motivating factor in each Defendants' decisions to arrest them."

Nor did the district court err in its evidentiary determinations. Evidentiary rulings are reviewed for abuse of discretion. *See McEuin v. Crown Equip. Corp.*, 328 F.3d 1028, 1032 (9th Cir. 2003), *as amended on denial of reh'g and reh'g en banc* (June 17, 2003). Contrary to the City's protestations, evidence of the officers' political views and opposition to vaccine mandates was directly relevant to the question of retaliatory animus.[1] We discern no abuse.

4. Finally, the City challenges the attorney's fees award, arguing that time spent on Plaintiffs' facial challenge to the graffiti ordinance was unrelated to the issues on which Plaintiffs prevailed. However, the district court reasonably found factual and legal overlap: both claims turned on Plaintiffs' arrest under the ordinance and its susceptibility to discriminatory enforcement. Where claims are intertwined, fees are recoverable, even for the claim that did not prevail. *See McCown v. City of Fontana*, 565 F.3d 1097, 1103 (9th Cir. 2009).

**AFFIRMED.**

---

[1] Because the jury did not award damages on Plaintiff's *Monell* claims, we need not reach the City's arguments concerning testimony about city and county booking policies.