# EXHIBIT 1

No. 24-5801

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

DEREK TUCSON, ROBIN SNYDER, MONSIEREE DE CASTRO, and ERIK
MOYA-DELGADO,

*Plaintiffs-Appellees*,

v.

CITY OF SEATTLE, RYAN KENNARD, MICHELE LETIZIA, DYLAN
NELSON, and ALEXANDER PATTON,

*Defendants-Appellants*.

On Appeal from the United States District Court
for the Western District of Washington

**MEMORANDUM IN SUPPORT OF APPELLEES' REQUEST FOR AN
AWARD OF ATTORNEYS FEES**

Braden Pence
MACDONALD, HOAGUE & BAYLESS
1500 Hoge Building
705 Second Avenue
Seattle, WA 98104
(206) 622-1604
bradenp@mhb.com

Neil Fox
LAW OFFICE OF NEIL FOX, PLLC
2125 Western Avenue
Suite 330
Seattle WA 98121
206-728-5440
nf@neilfoxlaw.com

## A MOTION TO TRANSFER THIS ISSUE TO THE UNITED STATES DISTRICT COURT IS NOW PENDING IN THIS COURT

On March 9, 2026, the Panel filed its order denying Defendants'-Appellants' petition for en banc review (Dkt. 54.1).

Within 14 days of the Panel's denial, pursuant to Circuit Rule 39-1.8, Plaintiffs-Appellees filed a motion to transfer the issue of attorney fees to the United States District Court from which the appeal was taken (Dkt. 56). That motion was still pending when the mandate issued (Dkt. 57).

## THE INSTANT APPLICATION IS TIMELY

Within 14 days of the Panel's denial of en banc review, Plaintiffs-Appellees are filing this application for reasonable attorney fees. This application is therefore timely. Cir. R. 39-1.6(a). In an abundance of caution, a copy of this application is also being filed in the United States District Court from which appeal was taken.

## PLAINTIFFS-APPELLEES ARE THE PREVAILING PARTY AND THEREFORE ARE ELIGIBLE FOR REIMBURSEMENT OF REASONABLE ATTORNEY FEES

A "prevailing party" in a 42 U.S.C. § 1983 case may recover "a reasonable attorney's fee." 42 U.S.C. § 1988(b). "A plaintiff is considered a 'prevailing party' for purposes of § 1988 if the plaintiff 'succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" *Herrington v. Cnty. of Sonoma*, 883 F.2d 739, 744 (9th Cir. 1989) (*quoting Hensley v. Eckerhart*, 461 U.S. 424, 433(1983)). Prevailing party attorney fees include those hours reasonably expended on appeal. *See e.g. Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013).

Here, the Panel ruling affirmed in all material respects the trial court rulings and jury verdict that ended in judgment for Plaintiffs-Appellees. Dkt. 46.1.

1

Defendant-Appellants' petition for en banc review of the Panel decision was unsuccessful. Dkt. 54.1. In short, Plaintiffs-Appellees succeeded in vindicating their constitutional rights and obtaining compensation for damages 42 U.S.C. § 1983. *See* Dkt 11.2 at ER 48-49. Therefore, Plaintiffs-Appellees are the prevailing parties in this matter and are entitled to an award of reasonable attorney fees in opposing the appeal. 42. U.S.C. 1988(b).

## THE REASONABLE ATTORNEY'S FEE

The total reasonable attorney's fee requested by Plaintiffs-Appellees for time spent on appeal is $145,400.00. Ex. 1 to Pence. Decl. (Form 9). The hours billed were necessary to represent Plaintiffs-Appellees and the rates charged are reasonable, customary or discounted, and many of which were previously approved by the trial court. Pence Decl. at 2-4 .

As explained in more detail in Mr. Pence's declaration, this was one of the first cases in the country involving an appeal after jury verdict involving the application of *Nieves v. Bartlett*, 587 U.S. 391 (2019), and *Gonzalez v. Trevino*, 602 U.S. 653 (2024).  As most cases previously litigated in this field involved appeals in the summary judgment context, there were unique legal issues arising in this type of case after a jury trial.

In their answering brief, Plaintiffs-Appellees needed to respond to a series of issues arising from the denial of Defendants'-Appellants' summary judgment motion, jury instructional issues, a series of trial evidentiary issues, and issues about the district court fee award.  Dkt. 18.1  As Defendants-Appellants did not

provide a full record to the court on appeal, Plaintiffs-Appellees need to expend time and resources to review all of the extensive video evidence to be able to provide it to this Court themselves. *See* Dkt. 19.1, 19.2, 19.3 and 19.4. There was an oral argument in this case that required significant preparation, and then Plaintiffs-Appellees needed to file on a relatively short turnaround time the required response to the petition for rehearing en banc. Dkt. 53.1.

Defendants-Appellants list three main counsel as counsel of record in this case. Plaintiffs-Appellees also had three principal counsel, although when Nathaniel Flack left employment at MacDonald Hoague & Bayless in the Fall of 2026, Timothy Ford from that same firm took on a more active role in the case when the Court called for a response to the petition for rehearing en banc. Notably, the district court's fee award order, 1-ER-34-47, has already discussed in detail the reasonable billing rates (although Mr. Flack's billings on this appeal increased slightly) for counsel.

Finally, Plaintiffs-Appellees will seek post-judgment interest in the district court and will provide additional information about the total amount at that time.

3

DATED this 23rd day of March, 2026.

MacDONALD HOAGUE & BAYLESS    LAW OFFICE OF NEIL FOX, PLLC


By: _/s/ Braden Pence_____    By: _/s/ Neil Fox_____
    Braden Pence, WSBA # 43495        Neil Fox, WSBA # 15277
    1500 Hoge Building                2125 Western Avenue Suite 330
    705 Second Avenue                 Seattle WA 98121
    Seattle, WA 98104                 206-728-5440
    (206) 622-1604                    nf@neilfoxlaw.com
    bradenp@mhb.com

                                      Attorneys for Plaintiffs-Appellees
Attorneys for Plaintiffs-Appellees


**CERTIFICATE OF COMPLIANCE**

This brief contains 712 words, excluding the items exempted by Fed. R.

App. P. 32(f). The brief's type size and typeface comply with Fed. R. App. P.

32(a)(5) and (6).

I certify that this brief complies with the word limit of Cir. R. 32-1(a).

DATE: March 23, 2026

                        By: _/s/ Braden Pence WSBA # 43495_
                            Attorneys for Plaintiffs-Appellees

4